(88 App. Div. 471.)

## PEOPLE v. ELLIS.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. AUTOMOBILES—SPEED—STATUTES—CONSTRUCTION.

Laws 1903, p. 1418, c. 625, § 163, provides that no ordinance adopted
in pursuance of the section or of any other law shall require an automo-
bile to travel at a slower rate than 8 miles per hour within the closely
built up portions of a city, nor at a slower rate than 15 miles per hour
where the houses in such city or on any highway are more than 100 feet
apart. *Held*, that such statute did not fix any rate of speed at which an
automobile might be run, and did not confer on municipal authorities
power to pass ordinances regulating the speed thereof; and hence a com-
plaint charging defendant with violation of such section, in that he drove
an automobile in the city of New York at a greater rate of speed than
8 miles per hour, to wit, at the rate of 18 miles per hour, passing houses
less than 100 feet apart, etc., and that the driving of such automobile
at a greater rate than 8 miles per hour was not permitted by any ordi-
nance of the city, did not state an offense.

2. SAME—OTHER OFFENSE—CONVICTION.

Where a complaint attempted to charge defendant with a violation of
Laws 1903, p. 1418, c. 625, for driving an automobile at a rate of speed
alleged to be prohibited by such section, defendant could not be convicted
of a violation of Pen. Code, § 666, declaring that a person driving an
automobile on a public highway at a greater rate of speed than 8 miles
an hour shall be guilty of a misdemeanor, etc.

Appeal from Court of Special Sessions of City of New York.

William H. Ellis was convicted of violating Laws 1903, c. 625, re-
lating to the speed of automobiles, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

Alfred A. Wheat, for appellant.
Robert C. Taylor, for the People.

McLAUGHLIN, J. On the 14th of July, 1903, the defendant was
arrested by a police officer of the city of New York and taken before
a magistrate, where the following complaint was made against him:

"City and County of New York, ss.—Arthur B. Ennis, * * * being duly
sworn, deposes and says that on the 14th day of July, 1903, at the city of
New York, in the county of New York, William H. Ellis did operate, drive,
and cause to be propelled an automobile or motor vehicle in and along
Eighth avenue, between One Hundred and Eleventh and One Hundred and
Fourteenth streets, in the city and county of New York, at twelve o'clock
midnight of said day, at a greater rate of speed than eight miles an hour,
to wit, at the rate of eighteen miles an hour, then and there passing houses

less than one hundred feet apart on a highway through the closely built portions of said city and county; that to operate or drive an automobile or motor vehicle at a speed greater than eight miles an hour is not permitted by any ordinance of said city; wherefore deponent charges defendant with having violated chapter 625 of the Laws of 1903 of the state of New York, and prays that he may be dealt with according to law.

"Arthur B. Ennis.

"Sworn to before me this fifteenth day of July, 1903.

"Zeller, City Magistrate."

Upon this complaint he was held by the magistrate for trial in the Court of Special Sessions in the city of New York, where he was duly arraigned, pleaded not guilty, tried, convicted, and sentenced to pay a fine of $25, or stand committed until the fine be paid, but not exceeding 10 days, and in addition thereto suspending, for the period of 2 weeks, his right to run an automobile. This appeal is taken from the judgment of conviction.

At the trial evidence was given sufficient to establish the truth of the charge made against the defendant, viz., that at the time, place, and under the conditions stated, he did operate an automobile at the rate of 18 miles an hour; but it is urged that the judgment of conviction must nevertheless be reversed, because neither the complaint charged, nor the evidence established, the commission of a crime under this statute. Whether or not defendant's contention be correct depends, of course, upon the statute itself, which, so far as the same affects the question here presented, reads as follows:

"Sec. 163. * * * No ordinance, rule or regulation adopted by the authorities of any city in pursuance of this section or of any other law shall require an automobile or motor vehicle to travel at a slower rate than eight miles per hour within the closely built up portions of such city, nor at a slower rate of speed than fifteen miles per hour where the houses in such city or upon any highway are more than one hundred feet apart. * * *"

"Sec. 169a. * * * Any person who shall violate any of the provisions of this statute, or of any speed ordinance adopted pursuant hereto, upon conviction thereof shall, in addition to the penalties provided in § 169b, be further punished for a first offence by a suspension of his right to run an automobile for a period of not less than two weeks."

It will be noticed that the statute does not fix any rate of speed at which an automobile may be run, nor does it confer upon the municipal authorities power to pass ordinances regulating the speed with reference thereto; on the contrary, it merely limits the right which the authorities now have under existing laws. In the city of New York the right to regulate the speed of automobiles on the public streets is conferred upon the municipal assembly by section 1454 of the Charter (3 Laws 1897, p. 515, c. 378), and the law of 1903 simply limits its power to the extent of preventing it from fixing a lower rate of speed for automobiles than eight miles per hour. This is all that it does. It does not purport to fix a rate of speed, or make it a crime to exceed any particular rate. If this be true, then the complaint made against the defendant did not allege any facts constituting a violation of the law, nor did the evidence offered show such violation, and he should have been discharged. Indeed, the learned district attorney conceded upon the oral argument, as well as in the brief presented, that the portion of the judgment appealed from

which prohibits the defendant from operating an automobile for a period of two weeks is erroneous, because it was not established that he had violated any of the provisions of the act of 1903, but he nevertheless urges that the remainder of the judgment should be affirmed, inasmuch as the proof established that the defendant had violated the provisions of section 666 of the Penal Code, a portion of which reads as follows:

"A person * * * who drives or operates an automobile or motor vehicle * * * upon any * * * public highway within any city * * * at a greater rate of speed than eight miles per hour, except where a greater rate of speed is permitted by the ordinance of a city * * * is guilty of a misdemeanor and shall be fined, for the first offence, not exceeding the sum of fifty dollars."

The proof did establish a violation of this section, but the trouble with the contention of the learned district attorney is that the defendant was not charged, tried, convicted, nor sentenced for a violation of this statute. Before a person can be legally convicted of a crime, he is entitled to be informed of precisely the charge which is made against him, to the end that he may properly defend himself. People v. Dumar, 106 N. Y. 502, 13 N. E. 325; People v. Stark, 136 N. Y. 538, 32 N. E. 1046. Defendant was charged, tried, and sentenced for violating the act of 1903. His defense was directed to showing that he was not guilty of such violation. Had he been charged with the commission of another crime, viz., violating section 666 of the Penal Code, we are unable to say what defense he would have made. He would have had the right to prove that an ordinance had been passed by the city permitting him to run an automobile at the rate of speed at which he was running his at the time he was arrested, or to question the constitutionality of this section. But it is useless to speculate what defenses he might have made, inasmuch as he was not afforded an opportunity to make any defense under this section, and, manifestly, cannot now be convicted of the crime specified therein.

It follows that the judgment appealed from must be reversed and the defendant discharged. All concur. PATTERSON, J., in result.