(55 Misc. Rep. 611.)

PEOPLE ex rel. HEINER v. KEEPER OF PRISON OF SEVENTH DIST. MAGISTRATES' COURT OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. August, 1907.)

1. MUNICIPAL CORPORATIONS—USE OF STREETS—SPEED OF VEHICLES.

Under Motor Vehicle Law, Laws 1904, p. 1316, c. 538, § 4, subd. 3, the local authorities of a city may pass and enforce ordinances limiting the speed of all vehicles in the highways in the city and fix penalties for their violation, which penalties, during the existence of the ordinance, supersede those specified in section 6 (page 1319) of the law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1512.]

2. SAME—COMPLAINT—VIOLATION OF STATE LAW.

After the passage by a city of an ordinance limiting the speed of vehicles in the public highways under Motor Vehicle Law, Laws 1904, p. 1311, c. 538, it supersedes the state law within the city limits, and a complaint charging a violation of the state law and not a violation of the ordinance cannot be maintained.

Application by the people, on the relation of William M. Heiner, against the keeper of the prison of the Seventh District Magistrates' Court of the city of New York and William Flynn, warden of the city prison, for writ of habeas corpus. Writ sustained, and prisoner discharged.

Order reversed by Appellate Division, 106 N. Y. Supp. 314.

Flammer & Flammer, for relator.

William Travers Jerome, Dist. Atty., for respondents.

TRUAX, J. The relator was arrested on June 1, 1907, for operating an automobile at the rate of 18 miles an hour on Seventy-Second street, in the city of New York, and charged with violating the motor vehicle law of the state of New York. Laws 1904, p. 1311, c. 538. On the 11th day of June the relator was committed to the city prison of the city of New York to answer the charge at Special Sessions. The motor vehicle law, among other things, provides that:

"No person shall operate a motor vehicle on a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person or the safety of any property; or in any event, on any public highway where the territory contiguous thereto is closely built up, at a greater rate than one mile in six minutes, or elsewhere in a city or village at a greater rate than one mile in four minutes, or elsewhere outside of a city or village at a greater rate than one mile in three minutes; subject, however, to the other provisions of this act." Section 3, subd. 1.

It is, however, provided by subdivision 3 of section 4 that:

"Subject to the provisions of this act local authorities shall have no power to pass, enforce or to maintain any ordinance, rule or regulation requiring of any owner or operator of a motor vehicle any license or permit to use the public highways or excluding or prohibiting any motor vehicle whose owner has complied with section 2 of this act from the free use of such highways, except such driveway, speedway or road as has been or may be expressly set apart by law for the exclusive use of horses and light carriages, or except as herein provided, in any way affecting the registration or numbering of motor vehicles or prescribing a slower rate of speed than herein specified at which such vehicles may be operated, or the use of the public highways contrary to or inconsistent with the provisions of this act; and all such ordinances, rules or regulations now in force are hereby declared to be of no validity or effect: provided, however, that the local authorities of cities and incorporated villages may limit by ordinance, rule or regulation hereafter adopted the speed of motor vehicles on the public highways, on condition that such ordinance, rule or regulation shall also fix the same speed limitation for all other vehicles, such speed limitation not to be in any case less than one mile in six minutes in incorporated villages, and on further condition that such city or village shall also have placed conspicuously on each main public highway where the village or city line crosses the same and on every main highway where the rate of speed changes, signs of sufficient size to be easily readable by a person using the highway, bearing the words 'Slow down to ———— miles' (the rate being inserted), and also an arrow pointing in the direction where the speed is to be reduced or changed, and also on further condition that such ordinance, rule or regulation shall fix the penalties for violation thereof similar to and no greater than those fixed by such local authorities for violation of speed limitation by any other vehicle than motor vehicles, which penalties shall, during the existence of the ordinance, rule or regulation supersede those specified in section 6 of this act, and provided further that nothing in this act contained shall be construed as limiting the power of local authorities to make, enforce and maintain further ordinances, rules or regulations affecting motor vehicles which are offered to the public for hire."

Thus is given to local authorities the right to pass ordinances relative to speeding and penalties. The board of aldermen of the city of New York, pursuant to the authority given by the motor vehicle law (section 4, subd. 3, supra), adopted, and the mayor, on the 18th day of November, 1906, approved, the following ordinances (chapter 12, rules of the road):

"Sec. 454. Speed of Vehicles—The following rates of speed through the streets of the city shall not be exceeded, that is: Eight miles an hour by bicycles, tricycles and motor vehicles, however propelled, or by passenger and other vehicles drawn by horses or other animals, except that in portions of the city not built up, where the buildings are at least 100 feet apart, a speed of 15 miles an hour may be maintained."

"Sec. 456. Excessive Speed Prohibited—No person riding, driving or in charge of any vehicle in the city shall drive the same at a speed greater than reasonable and proper, having regard to the traffic and use of the highways,. or so as to endanger the life or limb of any person."

It will be seen that the city of New York, in passing such ordinances, complied with the conditions set forth in the motor vehicle law, viz.: That the limit of speed should be fixed alike for all vehicles, and that penalties for violations should be similar to and no greater than those fixed for excessive speed of all other vehicles. Penalties. for excessive speed are provided for in the motor vehicle law as follows (section 6, subd. 1):

"Penalties for Excessive Speed—The violation of any of the provisions of subdivision 5 of section 2, or of subdivision 7 of section 2, or of section 3, or of section 5 of this act, or of any ordinance, rule or regulation adopted by local authorities in pursuance of subdivision 4 of section 4 of this act, shall be deemed a misdemeanor, punishable by a fine not exceeding $100 for the first offense, and punishable by a fine of not less than $50 nor more than $100, or imprisonment not exceeding thirty days, or both, for a second offense, and punishable by a fine of not less than $100 nor more than $250 and imprisonment not exceeding thirty days for a third or subsequent offense."

The board of· aldermen of the city of New York, pursuant to the power as created in subdivision 3 of section 4 of the motor vehicle law, adopted section 475 of chapter 12—penalties for excessive speed for all vehicles—as follows (article 9, penalties for violations):

"Sec. 475. Penalties for Violations—Any person violating any provision or regulation hereof shall be deemed guilty of a misdemeanor, and upon conviction thereof by any magistrate, either upon confession of the party or by competent testimony, may be fined for such offense any sum not less than $1 and not exceeding $10, and in default of payment of such fine may be committed to prison by such magistrate until the same be paid; but such imprisonment shall not exceed ten days."

The difference in penalties can be seen at a glance, as well as the difference in speed limits. This ordinance has the same effect as if it had been passed by the Legislature itself. City of Rochester v. Simpson, 134 N. Y. 414, 31 N. E. 871. In People v. Ellis; 88 App. Div. 471, 85 N. Y. Supp. 120, defendant was charged with a violation of chapter 625 of the Laws of 1903, p. 1418. The Appellate Division, First Department, held that the defendant had violated no· law, since chapter 625 simply forbids local authorities to pass ordinances prescribing a slower rate of speed than eight miles an hour. The motor vehicle law has the effect of amending the charter of the·

city of New York, inasmuch as it gives the power to pass ordinances subject to certain restrictions. An ordinance will be interpreted to sustain it, if possible. Duryee. v. Mayor, 96 N. Y. 477. After the passage of the above ordinance the state law was superseded in the city of New York, as prescribed by the act itself, both as to speed of all vehicles as well as to penalties. Therefore there can be no penalties except those prescribed by the city ordinance, to be fixed summarily by a magistrate, and the complaint must charge a defendant specifically with a corporation violation, and no conviction can be had for such a violation either for a charge under the state law or under the Penal Code. People v. Ellis, 88 App. Div. 471, 85 N. Y. Supp. 120. Unless an ordinance is adopted in compliance with the conditions and the directions prescribed in the statute authorizing its enactment, it will have no force. Beekman's Case, 11 Abb. Prac. 164. It is not necessary to state in the ordinance the necessity for its passage. The passage of the ordinance is equivalent to an averment that the necessity has arisen. Duryee v. Mayor, 96 N. Y. 477. Since public highways include any highway, country road, state road, public street, avenue, alley, park, parkway, driveway, or public place in any city, village, or town, city ordinances must cover every highway.

The writ is sustained, and the prisoner discharged.