(121 App. Div. 645.)

PEOPLE ex rel. HAINER v. KEEPER OF PRISON OF SEVENTH DIST. MAGISTRATE'S COURT et al.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

1. MUNICIPAL CORPORATIONS—STREETS—REGULATIONS—SPEED OF MOTOR VEHICLES—CRIMINAL PROSECUTION—STATUTES.

Laws 1904, p. 1311, c. 538, relating to the use of roads by motor vehicles (section 3, subd. 1), forbids a greater rate of speed in closely built up districts than one mile in six minutes. Section 4, subd. 3, provides that local authorities of cities may, subject to the provision of the act, limit by ordinance the speed of motor vehicles in their streets on condition that the ordinance fix the same speed limitation for all other vehicles, which shall not be less than one mile in six minutes, and a similar and no greater penalty for violation thereof by motor vehicles than for violations by other vehicles, and that the city place conspicuously on each main public highway signs indicating the rate of speed allowed there, which penalties shall, during the existence of the ordinance, supersede those specified by section 6 of the act, which provides (subdivision 1) that a violation of the provisions of section 3, above, shall be deemed a misdemeanor, punishable by fine, or fine and imprisonment. Subsequent to the passage of this act, the city of New York passed an ordinance (chapter 12, Rules of the Road, § 454) regulating the rate of speed of motor vehicles in the city, fixing the same speed limit for motor vehicles as for others and the same penalties for violation thereof. It is not shown that the city complied with the provisions of the act as to the erection of signboards giving the rate of speed allowed. *Held*, that the failure to comply with the condition relating to signboards was fatal to the ordinance, so that the penalties described therein did not supersede those provided by section 6, subd. 1, and hence one charged with violating sec-

tion 6, subd. 1, in the city of New York, was not entitled to a summary trial before a city magistrate as for a violation of a city ordinance, but could be held for trial at the Court of Special Sessions.

**2. SAME—BURDEN OF PROOF.**

Under these circumstances, the condition of the act not complied with being in a distinct clause from that containing the provision for a punishment for a violation of the act, the burden of proof was on the party claiming the benefit of the ordinance to establish its validity, and that it had become effective as in conformity with the conditions prescribed by the act.

Appeal from Special Term.

Application by William H. Hainer for writ of habeas corpus against the keeper of the prison of the Seventh district magistrate's court. From an order sustaining a writ and ordering the discharge of relator from custody (106 N. Y. Supp. 960), defendant appeals. Reversed, writ dismissed, and relator remanded to custody.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

William Travers Jerome, Dist. Atty. (Robert C. Taylor, of counsel), for appellant.

Flammer & Flammer (Edward F. Flammer, of counsel), for respondent.

CLARKE, J. The relator was arrested charged with having operated an automobile in and along West Seventy-Second street in the city and county of New York, the territory contiguous to said street being closely built up, at a rate of speed greater than one mile in six minutes, in violation of subdivision 1 of section 3 of chapter 538, p. 1314, of the Laws of 1904, and, having been arraigned before a city magistrate, he was held for trial at the Court of Special Sessions. He thereupon sued out a writ of habeas corpus, and upon the said writ, return, and traverse, he was discharged from custody, and from the order of discharge the people appeal.

Chapter 538, p. 1311, of the Laws of 1904, is entitled "An act in relation to the registration and identification of motor vehicles and the use of the public highways by such vehicles." It provides, inter alia, as follows:

Section 1, subd. 2:

"Definitions. * * * (2) 'Public highways' shall include any highway. county road, state road, public street, avenue, alley, park, driveway or public place in any city, village or town. (3) 'Closely built up' shall mean (a) the territory of a city, village or town contiguous to a public highway which is at that point built up with structures devoted to business; (b) the territory of a city, village or town contiguous to a public highway not devoted to business, where for not less than one-quarter of a mile the dwelling houses on such highway average less than one hundred feet apart."

Section 3, subd. 1:

"Speed Permitted. No person shall operate a motor vehicle on a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person, or the safety of any property; or in any event on any public highway where the territory contiguous thereto is closely built up, at a greater rate than one mile in six minutes, or elsewhere in a city or vil-

lage at a greater rate than one mile in four minutes, or elsewhere outside of a city or village at a greater rate than one mile in three minutes, subject, however, to the other provisions of this act."

### Section 4, subd. 3:

"Local Ordinances Prohibited. Subject to the provisions of this act, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring of any owner or operator of a motor vehicle any license or permit to use the public highways, * * * or prescribing a slower rate of speed than herein specified at which such vehicles may be operated, or the use of the public highways, contrary to or inconsistent with the provisions of this act; and all such ordinances, rules or regulations now in· force are hereby declared to be of no validity or effect; provided, however, that the local authorities of cities and incorporated villages may limit by ordinance, rule or regulation hereafter adopted the speed of motor vehicles on the public highways, on condition that such ordinance, rule or regulation shall also fix the same speed limitation for all other vehicles, such speed limitation not to be in any case less than one mile in six minutes in incorporated villages, and on further condition that such city or village shall also have placed conspicuously on each main public highway where the city or village line crosses the same and on every main highway where the rate of speed changes, signs of sufficient size to be easily readable by a person using the highway, bearing the words 'Slow down to ——— miles' (the rate being inserted), and also an arrow pointing in the direction where the speed is to be reduced or changed, and also on further condition that such ordinance, rule or regulation shall fix the penalties for violation thereof similar to and no greater than those fixed by such local authorities for violations of speed limitation by any other vehicles than motor vehicles, which penalties shall during the existence of the ordinance, rule or regulation supersede those specified in section 6 of this act, and provided further, that nothing in this act contained shall be construed as limiting the power of local authorities to make, enforce and maintain, further ordinances, rules or regulations, affecting motor vehicles which are offered to the public for hire."

### Section 6, subd. 1:

"Penalties for Excessive Speed, etc. The violation ′of any of the provisions of * * * section 3 * * * of this act shall be deemed a misdemeanor punishable by a fine not exceeding $100 for the first offence, and punishable by a fine of not less than fifty dollars nor more than $100, or. imprisonment not exceeding thirty days, or both, for a second offence, and punishable by a fine of not less than $100 nor more than $250 and imprisonment not exceeding thirty days for a third or subsequent offence."

There is no contention but that West Seventy-Second street in the city and county of New York is a public street and closely built up, within the definition of subdivision 2 of section 1 of the act, and that upon such street, under subdivision 1 of section 3 of said act, a greater speed than one mile in six minutes is not permitted, and that a violation thereof, under subdivision 1 of section 6, is a misdemeanor properly triable at the Court of Special Sessions. Therefore, if the provisions of this act alone are to be·taken into consideration, the action of the city magistrate in holding the relator for trial at Special Sessions was proper, and the writ of habeas corpus should have been dismissed, and the relator remanded.

The board of aldermen of the city of New York adopted and the mayor on the 16th of November, 1906, approved, the following ordinances: Chapter 12, Rules of the Road:

"Sec. 454. Speed of Vehicles. The following rates of speed through the streets of the city shall not be exceeded, that is, eight miles an hour ·by

bicycles, tricycles, velocipedes and motor vehicles, however propelled, or by passenger and other vehicles, drawn by horses or other animals, except that in portions of the city not built up, where the buildings are at least 100 feet apart, a speed of fifteen miles an hour may be maintained."

"Sec. 475. Penalties for Violations. Any person violating any provision or regulation hereof shall be deemed guilty of a misdemeanor, and upon conviction thereof by any magistrate either upon confession of the party or by competent testimony, may be fined for such offence any sum not less than $1 and not exceeding $10, and in default of payment of such fine may be committed to prison by such magistrate until the same be paid; but such imprisonment shall not exceed ten days."

It is claimed that these ordinances were passed in conformity to the authority given by the motor vehicle law (section 4, subd. 3, supra), and, as the ordinances were passed subsequent to the act under consideration, and fixed the same speed limitations for all vehicles, and provided penalties for violations thereof similar to and no greater than those fixed for violations of the speed limitation by any other vehicles than motor vehicles, that the said ordinances by virtue of the provisions of the act superseded the provisions of the same in the city of New York, no greater fine than $10 could be imposed for any offense, the trial of such offense must be a summary one before a city magistrate as for a violation of a city ordinance, the Court of Special Sessions had no jurisdiction, and therefore the relator was unlawfully deprived of his liberty and should be discharged.

Whatever this court might think of the inadequacy of the punishment provided by the ordinance for driving motor vehicles at an excessive speed in the city of New York, or however much it might regret that imprisonment for repeated offenses was abolished, if the board of aldermen had the power to pass the ordinances alluded to and had conformed to the provisions of the statute, the question of the adequacy or inadequacy of the penalties, or the wisdom of the omission of imprisonment for repeated offenses, would not be questions of judicial concern. They would be purely legislative, and the function of the courts would be confined to the interpretation and enforcement of such legislative commands. I am of the opinion, however, that upon this record the penalties provided by the motor vehicle law (chapter 538, p. 1311, Laws 1904), are in full force and effect, that the relator was properly held for trial at the Court of Special Sessions as for a misdemeanor, and that the order discharging him from custody was error and should be reversed.

The motor vehicle law was passed really in the interests of automobilists. The various rules, regulations, and ordinances in the many villages and cities of the state upon the various subjects of licenses, speed, and penalties were so numerous, conflicting, and confusing that the persons interested in the subject appealed to and succeeded in having passed by the Legislature a general act under which an automobilist in any part of the state would know exactly what his restrictions and his liabilities were, and the act expressly repealed all ordinances, rules, or regulations theretofore in effect. The act permitted local authorities to thereafter pass ordinances, rules, and regulations in regard to the speed of motor vehicles on the public highway under three express conditions: First, that such ordinances, rules, or regulations should fix the

same speed limitations for all other vehicles; third, that such ordinances, rules, or regulations should fix the penalties for violation thereof similar to and no greater than those fixed by such local authorities for violations of the speed regulations for such other vehicles than motor vehicles.

It is true that the ordinance under consideration in the case at bar does fix the same speed limitation for all other vehicles as for motor vehicles, and it is true that said ordinance fixes the penalties for violation thereof by motor vehicles no greater than those fixed for other vehicles. But there is another condition in the statute, contained in the same paragraph of the same subdivision of the same section, between the first and the third conditions alluded to, supra, namely:

"And on further condition that such city or village shall also have placed conspicuously on each main public highway where the city or village line crosses the same and on every main highway where the rate of speed changes, signs of sufficient size to be easily readable by a person using the highway, bearing the words 'Slow down to ——— miles' (the rate being inserted), and also an arrow pointing in the direction where the speed is to be reduced or changed."

There is no evidence in this case that this condition has been complied with, and as the operation of the ordinance, by the provisions of the act, is dependent upon the performance of each condition, the failure to perform the condition as to the posting of signs is as fatal to the enforcement of the ordinance as would have been the omission therefrom of either of the other conditions as to uniformity as to speed limitations to all vehicles, or as to penalties for the violation of speed limitations for all kinds of vehicles. The language of the condition is that "such city or village shall also have placed conspicuously," etc. There is no evidence that the city of New York has placed any such signs.

The exception or proviso or condition is contained in a distinct clause from that containing the provision for a punishment for violation of the act, and therefore, as stated by Mr. Wharton (Crim. Law, § 378):

"If provisos and exceptions are contained in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions or to negative the provisos contained, * * * for all these are matters of defense which the prosecutor need not anticipate, but which are more properly to come from the prisoner."

Therefore, the burden was upon the relator to establish the validity of the ordinance and that it had become effective as in conformity with the conditions prescribed by the Legislature. This he has failed to do. It follows therefore that, it having been made to appear to the committing magistrate that there was reason to believe that the relator was guilty of the offense charged under a valid law, he was properly held for trial at the Court of Special Sessions.

The order appealed from should be reversed, the writ of habeas corpus dismissed, and the relator remanded to custody. All concur.

PATTERSON, P. J. I concur in the reversal of the order appealed from, upon a somewhat amplified view of the ground stated in the opinion of Mr. Justice CLARKE. It seems to me that it was within the au-

thority of the municipal Legislature to pass the ordinance of November, 1906, but that it did not become effective to supersede the provisions of the act of the Legislature of the state (chapter 538, p. 1311, Laws 1904) until all the provisions of the last-mentioned act were complied with, among which provisions is the one relating to the placing of signs upon the highways. I am of the opinion that this is a case of state legislation contingent in its character, and which empowers the city authorities to make rules and regulations relating to the speed of motor vehicles on public highways and penalties for transgression of such rules and regulations. The Legislature of the state had in view, according to my understanding of the subject, the time at which and the circumstances in which the ordinance of the corporation of the city of New York should become effective, and it was a question of expediency with the Legislature of the state which exercised its judgment in prescribing that the city ordinance should take effect when, among other things, the signs were placed in the streets and highways. To quote from the language of Ruggles, C. J., in Barto v. Himrod, 8 N. Y. 490, 59 Am. Dec. 506:

"When a law is made to take effect upon the happening of such an event, the Legislature in effect declares the law inexpedient if the event should not happen, but expedient if it should happen."

That is to say, in this case, the power given by the state Legislature to the board of aldermen to make an ordinance effective was dependent upon a compliance by the local authorities with every requirement of the act conferring such power.