(123 App. Div. 163.)

## CITY OF BUFFALO v. LEWIS.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

LICENSES—POWERS OF MUNICIPAL CORPORATION — LICENSING AUTOMOBILES — STATUTES—REPEAL.

Buffalo City Charter, Laws 1891, p. 137, c. 105, § 17, subd. 6, as amended by Laws 1904, p. 83, c. 31, empowering the city to enact an ordinance imposing a "tax" on automobiles "for the privilege" of operating the same on its streets, and to prohibit such use in case of nonpayment of the tax, and to provide a penalty for violation of the ordinance, is repealed by a later act, the Motor Vehicle Law, Laws 1904, p. 1316, c. 538, § 4, subd. 3, providing that the city shall have no power to pass, maintain, or enforce ordinances requiring from owners of automobiles "licenses" or permits to use the streets, or prohibiting them from the free use thereof; a tax for the privilege of operating automobiles on the streets being but a license.

Appeal from Municipal Court of Buffalo.

Action by the city of Buffalo against Dai H. Lewis. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Louis E. Desbecker and William S. Rann, for appellant.
Kenefick, Cooke & Mitchell, for respondent.

WILLIAMS, J. Interlocutory judgment should be affirmed, with costs, with leave to plead over on payment of costs of demurrer and this appeal. The action was brought to recover a penalty for the violation of an ordinance of the city of Buffalo, the failure to pay a tax of $5, imposed upon him as the owner of an automobile. The penalty was $10 in addition to the tax, $15 in all.

The ground of the demurrer was that the complaint failed to state facts constituting a cause of action. The point was that the city had no power to enact the ordinance, or that it had since been invalidated by statute. The ordinance was passed under authority given by subdivision 6, § 17, of the Charter, being chapter 105, p. 137, Laws 1891,

as amended by chapter 31, p. 83, Laws 1904. This amendment became a law March 4, 1904. It provided that the city should enact ordinances for many purposes, and, among others, to impose and levy a tax upon the owners of various kinds of vehicles, and among them of automobiles, for the "privilege of operating, driving or propelling the same along or upon the public streets, avenues, highways and other public places in the city of Buffalo; to fix the amount of such tax, and to prohibit the use of the public streets, highways, avenues or other public places of the city by the owners or drivers of any such vehicle in the event of any tax so imposed not being paid, and to fix and provide for such penalty as it shall deem proper for a violation of such ordinance." Soon after this amendment of 1904 to section 17 of the charter took effect, the ordinance in question was enacted being section 27 of chapter 6 of the city ordinances, providing, among other things, that the owners of automobiles operated or propelled within the city should pay a tax of $5 on each machine to become due May 1st, in each year, and, when paid, to be placed to the credit of a fund for the repair of the streets. And that any person who should neglect or refuse to pay the tax within one month after due should be liable to a penalty of $10 in addition to the tax. But the Legislature in 1904 enacted the motor vehicle law (chapter 538, p. 1311, Laws 1904), which took effect May 3, 1904, and by section 7 (page 1320) thereof it was provided that:

"All acts and parts of acts inconsistent herewith or contrary hereto are, so far as they are inconsistent or contrary, hereby repealed."

By section 1 of this latter act it was provided, among other things, that except as otherwise therein provided the act should be controlling on the use of motor vehicles of the public highways, including the streets, avenues, etc., of cities, with certain exceptions not important here. By section 4, subd. 3, it was provided, among other things, that subject to the provisions of this act local authorities should have no power to pass, enforce, or maintain any ordinance, rule, or regulation requiring from owners of motor vehicles licenses or permits to use the public highways or prohibiting them from the free use thereof, they having complied with the provisions of this act, and all such ordinances, rules, and regulations in force at the time this act took effect were declared to be invalid and of no effect.

The object and purpose of this act was to provide exclusively (except so far as local authorities were given express power to act) for the use of the public highways of the state by motor vehicles. There was apparently a good deal of feeling against automobiles, and great danger that some local authorities might so seriously interfere with their use of the public highways, as to practically prohibit their use altogether. It seems to us that the provisions of section 17 of the charter as amended in 1904, giving the city power to enact ordinances imposing a tax upon the owners of automobiles for the privilege of operating the same upon the public streets of the city, and to prohibit such use of the streets, in the event of the nonpayment of the tax, and providing a penalty in addition to the tax, was repealed by section 7 of the motor vehicle law. There can be little use in discussing this

proposition at length. Counsel have gone over it in great detail, and the judge of the Municipal Court has written an opinion upon the subject. It seems to us almost too plain to discuss. In the charter the word "tax," is used instead of "license," but, when the tax is allowed for the privilege, what is this but a license for the privilege of using the streets to operate automobiles in, especially where such use is prohibited, and a penalty imposed in case the tax is not paid? The motor vehicle law provides the city shall have no power to pass, maintain, or enforce ordinances requiring from owners of automobiles licenses or permits to use the streets, so prohibiting the free use thereof, and that all such ordinances thus in force should be invalid.

The demurrer was properly sustained.

Interlocutory judgment affirmed, with costs, with leave to plead over upon payment of the costs of the demurrer and of this appeal. All concur.