(71 Misc. Rep. 72.)

### PEOPLE v. PAYNE et al.

(Nassau County Court. February, 1911.)

1. INDICTMENT AND INFORMATION (§ 108*)—DISMISSAL—ERROR IN INFORMATION.

An information for violation of the motor vehicle law, referring to a chapter of the laws by a wrong number, does not entitle defendant to a dismissal, where the name of the law and the date of its passage are stated.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 285; Dec. Dig. § 108.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. HIGHWAYS (§ 186*)—EXCESSIVE SPEED OF AUTOMOBILES.

An information stating that defendants were driving on a public highway not within an incorporated village or city at a speed exceeding 30 miles, without stating that they were driving carelessly, or exceeding the speed of 30 miles an hour for one-quarter of a mile, in violation of Laws 1910, c. 374, § 287, charges no crime.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 186.*]

3. INDICTMENT AND INFORMATION (§ 196*)—MOTION TO DISMISS—WAIVER OF OBJECTIONS.

By proceeding with the case after denial of a motion to dismiss the information, defendants did not waive their right to object to the sufficiency of the information.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 628–635; Dec. Dig. § 196.*]

Appeal from Justice Court.

Herbert Payne and W. Seward Webb, Jr., were convicted of misdemeanor, and appeal. Reversed.

John J. Kuhn, for appellants.
Charles N. Wysong, Dist. Atty., for the People.

NIEMANN, J. This is an appeal by the defendants from a judgment of conviction for misdemeanor, entered against each of said defendants in the justice's court for the town of North Hempstead, Nassau county, N. Y., on the 28th day of November, 1910. The charge made against the defendants was an alleged violation of section 287 of chapter 374 of the Laws of 1910, being part of the highway law, and designated "Motor Vehicles." The defendants were arrested upon separate warrants issued upon separate informations, but the two cases were tried together. The defendants made a motion at the opening of the case to dismiss the informations upon the ground of insufficiency. This motion was overruled and an exception duly taken by each of the defendants.

This appeal presents two questions: First. Is the reference to the statute contained in the information sufficiently accurate to designate or point out what provision of law has been violated? Second. Does the information state facts showing the commission of an offense within the provisions of the statute?

Before discussing these two questions, a reference to the old and the new statutes concerning the operation of motor vehicles on a public highway will be necessary. Article 11, § 291, c. 30, Laws 1909, constituting chapter 25 of the Consolidated Laws, made the following regulations:

"Speed Permitted. No person shall operate a motor vehicle on a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person, or the safety of any property; or in any event on any public highway where the territory contiguous thereto is closely built up, at a greater rate than one mile in six minutes, or elsewhere in a city or village at a greater rate than one mile in four minutes, or elsewhere outside of a city or village at a greater rate than one mile in three minutes; subject, however, to the other provisions of this article."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Said article 11 of chapter 30 of the Laws of 1909 was repealed by chapter 374 of the Laws of 1910,. by inserting in place of said article 11 a new article 11, in which, by section 287, the speed and manner of operating a motor vehicle on the public highway was regulated as follows:

"Speed Permitted. Every person operating a motor vehicle on the public highways of this state shall drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person; provided, that a rate of speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent."

It will be seen, by a comparison of the foregoing sections, that the arbitrary provisions as to the speed limit fixed by the Laws of 1909 were entirely eliminated, but the duty placed upon every person operating a motor vehicle on the public highway to drive the same in a careful and prudent manner was retained, and a provision was added that a rate of speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent.

[1] Taking up now the first question: An examination of the informations discloses that they are on a printed form applicable to the old law, which was sought to be altered to cover the new law. The informant, to indicate the section of the present statute, has by interlineations and corrections, attempted to show that the defendants have violated the new statute. Section 287 of chapter 374 of the Laws of 1910. Had the informant stricken out the words "subdivision 1 of" in the information against the defendant Webb, the reference to the present statute would have been sufficiently apparent to be plainly understood, but, even as it is, it is fairly comprehensible. And so in the information against Payne the insertion of the wrong chapter—that is, 375 instead of 374—was not sufficiently misleading, in view of the reference to the date of the passage of the present act. These inaccuracies in the informations were not sufficient grounds for a dismissal of the same, for it is well established that an information need not be drawn with the same technical accuracy as an indictment. The same strictness required in indictments or informations in courts of record has been held unnecessary in informations or complaints in justices' courts and other courts of inferior and limited jurisdiction. People v. Robertson, 3 Wheeler Cr. Cas. 180; People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267; Commonwealth v. Keenan, 139 Mass. 193, 29 N. E. 477; Keeler v. Milledge, 24 N. J. Law, 145; Barth v. State, 18 Conn. 432.

[2] As to the second question: The informations do not allege that the defendants were driving their automobiles carelessly and imprudently or at a rate of speed endangering the property or the life or limb of any person. It is merely stated, in substance, that the defendants were driving on a public highway not within an incorporated village or city at a rate of speed exceeding 30 miles an hour, to wit, at a rate of speed of 40 miles an hour. This is obviously no violation of the statute, as the informations have failed to charge the defendants with a violation of either of the essential provisions of the stat-

ute, namely, that they were driving carelessly and imprudently or that they were exceeding a speed of 30 miles an hour for a distance of one-fourth of a mile.

The allegation of the rate of speed in excess of 30 miles an hour is insufficient, unless coupled with an allegation that such rate of speed was maintained for a distance of one-fourth of a mile. A man might drive an automobile at a rate of speed exceeding the statutory limit for an eighth of a mile, or any fraction less than that fixed by the statute, and yet that would not be presumptive evidence of carelessness and imprudence on his part. If the defendants were to be charged with careless and imprudent driving irrespective of the rate of speed employed, the facts upon which such a charge was predicated should have been briefly and specifically averred. If the charge were based upon the rate of speed, it would be sufficient that a rate of speed in excess of 30 miles an hour was maintained for a distance of one-fourth of a mile, as this would have been presumptive evidence under the statute of a violation thereof, and would have put defendants upon their proof.

While the information, complaint, or affidavit filed in a justice's court may be inartificially or loosely drawn, yet it must set forth facts with sufficient definiteness to show that the person accused has violated the law; and the allegation must be sufficiently specific to apprise the accused as to what provision of law he has violated, so that he may be fully and distinctly informed of the charge which he has to meet. The accusation cannot be made by inference; and, while it need not be in any particular form or set of words, there must be at least a substantial statement of the particular offense charged. People v. James, 11 App. Div. 609, 43 N. Y. Supp. 315; People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267.

There being in the informations under discussion an entire absence of any statement of facts showing a violation of the said statute, the defendants could not be called upon to make any defense, and the motion to dismiss said informations should have been granted.

[3] By proceeding with the case after the denial of their motion to dismiss the informations, the defendants did not waive their right to maintain their objections to the sufficiency of the informations. The informations not having stated facts showing the commission of a crime by the defendants, no jurisdiction was acquired by the justice to hear and determine the case. Hewitt v. Newburger, 141 N. Y. 538, 36 N. E. 593; People ex rel. Perkins v. Moss, 187 N. Y. 410, 80 N. E. 383, 11 L. R. A. (N. S.) 528; Krauskopf v. Tallman, 38 App. Div. 279, 56 N. E. 967. The judgments appealed from should be reversed as to both of the defendants and their fines remitted.

Judgments of conviction reversed and the fines of defendants remitted.

Judgments reversed.