## COUNTY COURT—ERIE COUNTY;

### Oct. 23, 1912

## THE PEOPLE v. LOUIS G. SCHOEPFLIN.

(137 N. Y. Supp. 675.)

(1.) MOTOR VEHICLE—REGULATION—CERTIFICATE NUMBER—DISPLAY.

Highway Law (Consol. Laws 1909, c. 25), § 283, subd. 1, as amended by Laws 1911, c. 491, prohibiting the use of a motor vehicle on a highway without having a distinctive number, corresponding to a proper certificate of registration, conspicuously displayed both on the front and on the rear of such vehicle, was a proper exercise of police power to promote public safety.

(2.) HIGHWAYS—USE—OFFENSES—MOTOR VEHICLE—INTENT.

In a prosecution for violating Highway Law (Consol. Laws 1909, c. 25), § 283, subd. 1, as amended by Laws 1911, c. 491, prohibiting the use of a motor vehicle on a highway without having displayed on front and rear a distinctive number, corresponding to a proper certificate of registration, it is not necessary, to sustain a conviction, that the people prove a specific criminal intent.

APPEAL from City Court of Buffalo.

Louis G. Schoepflin was convicted of operating a motor vehicle in a highway without having a distinctive number, corresponding to a proper certificate of registration, conspicuously displayed both on the front and rear of such vehicle, and he appeals. Affirmed.

*Charles Newton,* of Buffalo, for appellant.

*Wesley C. Dudley,* District Attorney of Buffalo (*Clifford Mc-Laughlin,* of Buffalo, of counsel), for the People.

TAYLOR, J.:

This defendant has been convicted in the City Court of Buf-

falo .of violating subdivision 1 of .section. 283 of the Highway Law of this State. (Consol. Laws 1909, .c. 25), as amended by Laws 1911, c. 491, in that he drove on the public highways of the city of Buffalo a motor vehicle without having a distinctive number, corresponding. to a proper certificate of registration, conspicuously displayed both on the front and on the rear of such vehicle. The facts are undisputed, and I am assuming in my disposition of this case that the act or omission complained of was without specific criminal intent.

I have had occasion a number of times to investigate statutes claimed to have been passed in the exercise of the police power vested in the Legislature, and to examine cases bearing upon them; and after giving this matter careful thought I must say that I cannot see any distinction as a matter of genus between this and, for example, the adulterated milk cases, or the cases involving the selling of intoxicating liquors to minors. The statutes involved in those cases were held to be an exercise of the police power; that is, that the acts prohibited were a menace to the public health or morals, and should be classified as *mala prohibita*. I appreciate that the purpose of the Legislature to dispense with the necessity .of proving specific criminal intent, either expressly or impliedly, in any case,. should be clear. Furthermore, it is true, as counsel argues, that to hold this statute as not requiring proof of specific criminal intent would often seem to work oppression. However, that same argument would apply in the adulterated milk cases and similar cases. It may be, too, that the likelihood of harm being caused by the doing of .the acts here involved may not be so great as in the case of selling adulterated milk; but as to this I feel that it is merely a matter of difference in degree, and not one of classification, as between *mala prohibita* and *mala in se*.

Therefore, since the Legislature did not state in this statute that the prohibited acts must be done with specific criminal intent, since no such word as " maliciously," " willfully," " vol-

untarily," or ." knowingly," so often found in statute defining crimes, is here used, and since the general situation involved strikes me as one warranting legislative action in the exercise of the police power, for the purpose of protecting the public from physical injuries and of promoting the public safety, I must affirm the judgment.

I am satisfied that this defendant meant to do no wrong thereby, and appreciate that he is placed in an unfortunate position by this judgment of conviction. Therefore I think that the suspension of sentence was very proper; but, construing this statute as I do, I must agree with the trial court in its disposition of this case.

---

## NOTE ON CRIMINAL LAW OF MOTOR-VEHICLES.

### GENERALLY.

Violation of laws, ordinances, and regulations respecting the use of motor vehicles, are, as a general rule, misdemeanors, punishable by fine or imprisonment, or both. Commonwealth v. Sherman, 191 Mass. 439; In re Automobile Acts, 15 Pa. Dist. 83.

Lending or keeping duplicate sets of tags held no offense. Commonwealth v. Davis, 15 Pa. Dist. 793.

One who operates a motor vehicle with tags issued to another may, even though he be licensed, be punished for failure to display the tags issued to him. Commonwealth v. David, 15 Pa. Dist. 793.

Owner may be convicted for speed violation where he is in the automobile at the time of such violations, although he is himself not actually operating the machine at the time. Commonwealth v. Sherman, 191 Mass. 439; See, also, Commonwealth v. Buxton, 205 Mass. 49; Byrd v. State, (Tex.) 129.

The object of section 299 of the Highway Law is to make certain uniform motor vehicle speed regulations applicable to the entire State as a substitute for the many differing rules in each locality. People v. Hayes, 66 Misc. 606.

A manufacturer or dealer who permits a car to be operated for a private use or for hire without having a separate number aside from the dis-

tinctive manufacturer's number, violates the law. Personal use includes anything and everything not incidental to the business of manufacturing or dealing in motor vehicles. People ex rel. Howe v. Hanna, 26 N. Y. Crim. 324.

Section 454 of chapter XII, page 109 (1911 edition) of the ordinances of the city of New York, and section 287 and section 288 of chapter 374 of the Highway Law (Laws of 1910), construed and held, that the so-called Callan Automobile Law and the city ordinances do not conflict, and that both are enforcible in the city of New York. People v. Dwyer, 26 N. Y. Crim. 315.

THE MOTOR VEHICLE LAW OF 1904.

The Motor Vehicle Law (Laws of 1904, chapter 539), was passed really in the interests of the automobilists themselves. The various rules, regulations and ordinances in the many cities and villages of the State upon various subjects of licenses, speed, and penalties were so numerous, conflicting, and confusing, that the persons interested in the subject appealed to and succeeded in having passed by the legislature a general act under which an automobilist in any part of the State would know exactly what his restrictions and liabilities were, and the act expressly repealed all ordinances, rules and regulations theretofore in effect with the exception of the three expressed conditions mentioned in this subdivision (section 4, subd. 3, ch. 538, Laws of 1904, being section 299 of the Highway Law). People ex rel. Hainer v. Keeper, 121 App. Div. 645.

Such subdivision repeals laws of 1904, chapter 31, which amended the charter of the city of Buffalo so as to allow the city to impose a tax upon the owners of automobiles for the privilege of operating in its streets. City of Buffalo v. Lewis, 123 App. Div. 163.

Section 299, Highway Law, does not fix any rate of speed, nor does it confer upon municipal authorities power to pass ordinances regulating speed; it merely limits the right which local authorities formerly had. People v. Ellis, 88 App. Div. 471.

After the passage of an ordinance in accordance with this subdivision, the provisions of the State law are superseded within the city or village both as to speed limits and as to penalties; and a conviction cannot be had under a complaint which charges a violation of the State law, but not of the ordinance. People ex rel. Heiner v. Keeper, 55 Misc. 611.

INDICTMENT.

The precise charge should be set forth in the indictment in clear and unambiguous language. McCummins v. State (Wis.), 112 N. W. 25.

Substantially following the words of the statute, held sufficient. State v. Cobb, 113 Mo. App. 156.

A licensed automobile used for hire may, in an information for a violation of ordinances or regulations respecting the carriage of passengers, be described as a "hack," where it is provided in such regulations that every vehicle licensed thereunder shall be considered a hack. Gassenheimer v. District of Columbia, 26 App. Cas. (D. C.) 557.

As to sufficiency, see People v. Payne, 71 Misc. 72.

Should allege erection of signs. People v. Hays, 66 Misc. 606.

Sections 163 and 169a of the Highway Law (chapter 568 of the laws of 1890), as amended by chapter 625 of the laws of 1903, held not to purport to fix a rate of speed or make it a crime to exceed any particular rate, but that they simply operate to prevent the authorities of a city from fixing a lower rate of speed for automobiles than eight miles an hour, and that an information which states that defendant propelled an automobile through the closely built portion of New York city at a speed of eighteen miles an hour, and that the right to operate an automobile at a greater speed than eight miles an hour is not permitted by any ordinance of said city, does not charge the commission of a crime. People v. Ellis, 88 App. Div. 471.

An information for violation of the Motor Vehicle Law, which refers to a chapter of the laws by a wrong number is not so misleading as to entitle the defendant to its dismissal, where the name of the law and the date of its passage are stated. People v. Payne, 71 Misc. 72, 25 N. Y. Crim. 511.

An information which merely states in substance that the defendants were driving on a public highway not within an incorporated village or city at a rate of speed exceeding thirty miles an hour, to wit, at a rate of speed of forty miles an hour, without stating that the defendants were driving carelessly and imprudently, or exceeding a speed of thirty miles an hour for a distance of one-fourth of a mile, charges no crime; and upon appeal from a judgment of conviction, the judgment should be reversed and the fine of the defendants remitted. People v. Payne, 71 Misc. 72, 25 N. Y. Crim. 511.

An information charging defendant with running a motor vehicle upon a closely built up portion of Main street, in the village of Ellenville, at a speed exceeding ten miles an hour, viz., fifteen miles an hour, in violation of section 291 of the Highway Law, but which fails to allege the erection of a sign with the inscription required by statute at the place

where the excessive speed was to be reduced, does not allege the commission of a crime. People v. Hayes, 66 Misc. 606.

## EVIDENCE.

Evidence of blowing of automobile horn held admissible as part of the *res gestae*. State v. Welford, 29 R. I. 450.

Evidence that defendant has been convicted of exceeding the speed limit on other occasions is not admissible in an action to recover for personal injuries, where the plaintiff does not charge, the defendant with exceeding the legal rate. · Such evidence is incompetent. to impeach the character of the defendant, as the crime is not one involving moral turpitude. See v. Wormser, 129 App. Div. 596.

Where the evidence showed that the defendants, while running an automobile at twenty-five miles an hour, ran into a buggy and caused the death of a boy, it is not error for the trial judge to call the attention of the jury to the statute which prohibits a person from operating a motor vehicle at a greater speed than twenty miles an hour. People v. Scanlon, 23 N. Y. Crim. 426.

A district attorney has no authority to offer rewards to be paid to persons furnishing evidence upon which convictions shall be had of anticipated violations of the Motor Vehicle Law. McNeill v. Supervisors, 114 App. Div. 761.

## SECOND OFFENSE.

Where a person has been arraigned before a magistrate on a charge of excessive speeding of an automobile within the city limits and committed, he may thereafter be arraigned for the same act charged as a. second offense and his confinement upon the latter charge is not illegal. Matter of Burns, 24 N. Y. Crim. 519.

## CONVICTION.

A conviction under an information charging that defendant propelled an automobile through the closely built portion of New York city at a speed of eighteen miles an hour, and that the right to operate an automobile at greater speed than eight miles an hour is not permitted by any ordinance of said city, in violation of sections 163 and 169a of the Highway Law as amended by chapter 625 of the laws of 1903, cannot be sustained upon proof that defendant had violated section 666 of the Penal Code relating to the speed of automobiles on city streets. People v. Ellis, 88 App. Div. 471.

PUNISHMENT.

A fine in excess of the jurisdiction of the court renders the judgment void, and the appellate court has no power to send the case back to the trial court to pass proper judgment. People v. DeGraaf, 107 N. Y. Suppl. 1038.

In the city of New York, where an ordinance limits the speed to eight miles an hour and prescribes a penalty of ten dollars for a violation thereof, if the offender exceed eight, but not ten miles an hour, he is punishable under the ordinance, and if he exceeds ten miles an hour he is punishable under the general law. People v. Prison Keeper, 190 N. Y. 315.