### SEE et al. v. WORMSER.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. HIGHWAYS (§ 184*) — USE OF HIGHWAY—FRIGHTENING ANIMALS—ACTIONS—EVIDENCE.

In an action against the owner of an automobile for causing the death of plaintiff's decedent by frightening a horse that was being driven on a highway, causing it to run away and collide with a wagon in which decedent was riding, thereby causing his death, the negligence charged was the failure to stop when warned that the automobile was frightening the horse. Held, that evidence that defendant had been convicted of exceeding the speed limits fixed by local ordinances in different places was not competent, as it had no bearing on the question of negligence involved; the violation of local ordinances not being evidence affecting moral character

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 472; Dec. Dig. § 184.*]

2. WITNESSES (§ 345*)—IMPEACHMENT—CONVICTION OF CRIME.

While evidence of the commission of a crime is generally admissible as bearing on moral character, the violation of local ordinances is generally not a crime, but only a lesser offense, which does not imply any moral turpitude.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1126; Dec. Dig. § 345.*]

Appeal from Trial Term, Westchester County.

Action by Albert See and another, as executors of Sylvester See, deceased, against Isidor Wormser, Jr. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

P. J. Rooney, for appellant.
Stephen Holden, Jr., for respondents.

GAYNOR, J. About 400 feet ahead of the defendant, and going in the same direction, was a horse and wagon with a man and three women in it, and ahead of them going in the same direction was another horse and wagon in which was the deceased with some women. The engine of the defendant's automobile was making considerable noise. The horse ahead pricked up his ears at it and was held back with difficulty by the driver. But the defendant kept coming up in the rear without slacking up. The woman arose and turned and cried out to the defendant in alarm and motioned him to stop. But he came right on, and when his automobile was within about 2 feet of the wagon the horse bolted, ran into the wagon ahead, and threw the deceased out. He died of the fall. The automobile was not stopped until after the collision, and it was then about 4 to 6 feet behind the point where the collision occurred. These were the facts that the jury presumably found in rendering a verdict for the plaintiff.

There was no evidence or claim that the defendant was going at a faster rate of speed than that provided by the statute or any local ordinance. The negligence was not in going too fast, but that seeing the predicament those ahead were in with the frightened horse, he nevertheless came on and thereby caused the catastrophe. Not content with this, the learned counsel for the defendant persisted in cross-examining the defendant in respect of whether he had ever been convicted of exceeding speed limits fixed by local ordinances in different places, and made him admit at least four such convictions, with the probability of there being still others if he could only recollect them. It may be that this evidence would have been competent on the defendant's habit of excessive speed, and therefore on the probability of whether he was going at a reckless speed, if the question of his speed had been raised and litigated on the trial as causing the collision, and a fact to be found in order to determine the question of negligence (Wigmore on Ev. §§ 64, 97, 199, 376), which however we do not decide; but no such question was tried. The exceptions to the evidence were therefore good unless such evidence was competent to impeach the defendant by showing him to be of bad character. No authority is cited for so extreme a proposition. The commission of a crime is generally evidence affecting one's moral character, although some crimes may be too trivial for that purpose. People v. Irving, 95 N. Y. 541. The violation of local ordinances is generally not a crime, but only a lesser offense which magistrates summarily deal with, and which do not imply any moral turpitude. Steinert v. Sobey, 14 App. Div. 505, 44 N. Y. Supp. 146.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.