Louis DeStasio, Appellant, v. Janssen Dairy Corporation, Respondent.— Action to recover for personal injuries and property damage suffered as a consequence of a collision of plaintiff's automobile with defendant's motor truck. Judgment for the defendant affirmed, with costs. The admissions elicited from the plaintiff on cross-examination respecting convictions for reckless driving were properly received as such an offense constituted a misdemeanor and was not a mere traffic infraction within section 355 of the Civil Practice Act. (See Vehicle and Traffic Law, § 58.) The admissions elicited respecting speeding convictions and violation of the rules of the road as a consequence of driving on the wrong side thereof, were improperly elicited as they related to mere traffic infractions within that section, even though speeding was formerly a misdemeanor under the Vehicle and Traffic Law. (Vehicle and Traffic Law, § 56, and § 70, subd. 4.) These rulings, however, were not prejudicial in view of the convictions for reckless driving which plaintiff was under the necessity of conceding. An ample basis existed in the record to justify the jury's finding that plaintiff was the sole negligent cause of the accident or that both plaintiff and defendant were negligent and, therefore, plaintiff should not prevail. We leave undecided whether in a proper case proof of convictions for speeding might properly be adduced. (*See v. Wormser*, 129 App. Div. 596.) Hagarty, Carswell, Johnston and Adel, JJ., concur; Taylor, J., dissents and votes for reversal and a new trial, with the following memorandum: There were serious errors of a substantial character prejudicial to the plaintiff on the part of the trial justice. These are disclosed in the record at folios 126 to 150. The court erroneously permitted a wholesale inquiry of the plaintiff, upon his cross-examination, into previous claimed traffic infractions on his part, into his alleged habit of driving on the wrong side of the road, and as to alleged convictions therefor, into his previous conviction for passing another automobile on the right, into the rate of speed at which he traveled along the highways of Richmond county on other occasions, into his failure to keep to the right on those highways on other occasions, and into his alleged convictions for reckless driving on other occasions. It is true that in some instances objections to improper questions were sustained, and that in others plaintiff asserted lack of memory as to the claimed facts sought to be elicited. In each of such instances, however, the implications of the questions were prejudicial to him. The trial was rendered thereby unfair. Section 355 of the Civil Practice Act furnishes no justification for this type of cross-examination, permitted over plaintiff's protest. That error exists is not doubtful. (*See v. Wormser*, 129 App. Div. 596.) It is familiar law that the character of a party and his conduct, not part of the *res gestæ*, do not constitute competent or any evidence that he did or did not act carefully as of the time in issue. (*Zucker v. Whitridge*, 205 N. Y. 50; *Eppendorf v. B. C. & N. R. R. Co.*, 69 id. 195.) Violation of this salutary rule characterized the trial.