*April,* 1885.

### PEOPLE *v.* WINNESS.

DEPOSITION BEFORE COMMITTING MAGISTRATE —OMISSION TO SIGN.

The omission of a complainant or his witnesses to sign the deposition taken before a committing magistrate, as required by the Code of Criminal Procedure, is an irregularity which will be held to be waived unless the defendant has interposed the objection at the first available opportunity.

APPEAL by defendant, John Winness, from a judgment of the court of Special Sessions of January 26, 1885, convicting him of violation of the excise law.

*Howe & Hummel,* for defendant, appellant.

*Randolph B. Martine,* district attorney, for the people, respondents.

SMYTH, Recorder.—On January 21, 1885, one Gilmore, a police officer, appeared before Mr. Justice O'REILLY, and made oath to a complaint or affidavit, charging, that on January 21, 1885, in the city of New York, in the county of New York, John Winness, the appellent, then present, did sell, cause, suffer and permit to be sold, under his direction and authority, strong and spirituous liquors, wines, ale and beer, being intoxicating liquors, in quantities less than five gallons, without having a proper license therefor, contrary to, and in violation of the statute in such case made and provided, and did then and there sell deponent (Gilmore) one glass of ale, which deponent tasted and paid for.

The complaint or affidavit was sworn to by Gilmore before the justice, but by an oversight on the part of the justice it

appears that it was not subscribed by the complainant or affiant as required by section 148 of the Code of Criminal Procedure.

The appellant was then examined by the justice, upon the charge contained in the complaint or affidavit of Gilmore, and having been informed of his right to make a statement in relation to the charge, for the purpose of enabling him to answer it, and explain the facts alleged against him, in answer to questions put to him by the justice, he gave his name, age, place of birth, residence and business, and in answer to the request to give any explanation he might think proper of the circumstances appearing in the testimony against him, and to state any facts which he thought would tend to his exculpation, answered that he had nothing to say.

Ample opportunity was then afforded to the appellant to object to the sufficiency of the complaint upon the ground that it was not subscribed by the affiant. He made no objection whatever.

The justice thereupon determined that the crime charged in the affidavit of Gilmore, had been committed, and that there was sufficient cause to believe the appellant guilty, and he held him to bail to answer the charge, and committed him to the custody of the keeper of the city prison until he should give such bail.

The appellant then and there signed, in the presence of the justice, a written stipulation, in which he states that, after being informed of his legal right to a trial by a jury, he waived " a trial by jury on this complaint," and demanded that he should be tried at a court of Special Sessions. He then gave bail upon said charge, and was discharged from custody.

On January 26, 1885, the appellant appeared for trial before the court of Special Sessions, on the complaint, and the charge made against him, as stated in said complaint, was then and there distinctly read to him, and he was required to plead thereto, and he did thereupon plead guilty to said charge, which plea was entered in the minutes of the court.

It will be observed that the appellant was again given an opportunity to raise the objection that the complaint was not subscribed by the complainant, and that he did not choose to do so, but, on the contrary, after having heard the same care-

fully read to him by the court, he voluntarily pleaded to the charge therein contained. He now presents, for the first time, that the complaint was not subscribed, as required by section 148 of the Code of Criminal Procedure, and this is the only ground of error which is urged upon this appeal.

It is well settled, by abundant authority, that a person who is charged with the commission of a criminal offense, may waive any irregularity which exists in the case. He may waive a constitutional provision which is intended for his benefit. He may (as the appellant did in this case) waive a trial by jury ; he may waive a plea of *autrefois acquit* by not interposing it. He may also waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court. Pierson *v.* People, 79 *N. Y.* 424. The omission to subscribe the affidavit or complaint was a mere irregularity at most, and did not in any way, prejudice the rights of the appellant.

The affidavit clearly and distinctly charges a criminal offense, the name of the complainant appears upon its face, and the date and place when and where the offense was committed, and the acts alleged to be criminal are set forth, and this was verified by the oath of the complainant and certified to by the justice.

If the appellant desired to raise the objection to the complaint, which he does now for the first time, he had every opportunity to do so. He waived the right which he possessed, and which, under the authority above referred to, he had the clear legal right to do, and having done so, he cannot now be permitted to urge, as ground of error, that which would not have existed, but for his own act of waiver.

The judgment appealed from must be affirmed.