## COUNTY COURT—ONEIDA COUNTY,

### March, 1911.

## THE PEOPLE v. HENRY GARDNER.

### (71 Misc. 335.)

(1) JURISDICTION—INFORMATION WHOLLY ON INFORMATION AND BELIEF IN-
SUFFICIENT.*

An information made wholly on information and belief, the grounds
or sources of which information or belief are not stated, is insufficient
to confer jurisdiction upon a magistrate to issue a warrant.

(2) SAME—OBJECTION NOT WAIVED BY PLEADING AND DEMANDING TRIAL BY
JURY.

Where defendant, arrested upon a warrant issued on such an in-
formation, upon being brought before the magistrate, pleaded not
guilty, demanded a jury trial and gave bail for his appearance to at-
tend the trial of the charge on a subsequent day, without raising any
objection to the jurisdiction of the magistrate, he did not thereby
confer jurisdiction upon the court to try him.

APPEAL from a judgment of conviction in a Court of Special
Sessions.

A. S. Malsan, for appellant.

W. R. Lee, for respondent.

HAZARD, J.:

This is an appeal from a judgment of conviction for the crime
of " hunting without a license," rendered by Justice GEORGE
KING, of the town of Kirkland, upon the verdict of a jury. Sev-
eral alleged errors are cited by the appellant, but in my view of
the case it becomes necessary to consider only one which lies
at the foundation of the case.

*See note, Vol. 11—376.

The information was made by one C. G. Worden, and, so far as needs be considered in this case, reads as follows: " I, C. G. Worden, residing in the town of Whitestown, County of Oneida,. N. Y., now come before George King, Esq., a Justice of the Peace of the town of Kirkland, in the County of Oneida, and give information under oath on information and belief as follaws : That Henry Gardner, on or about the 20th of December, 1910, at or near Coleman's Mills, in the town of Whitestown, County of Oneida, N. Y., did commit a misdemeanor by violating the provisions of the Forest, Fish and Game Law of the State of New York, by then and there unlawfully, wrongfully and knowingly hunting without a license, contrary to and in violation of section 104 of art. 7, chap. 24, of the Laws of 1909."

Upon that information and without any substantiating proof, the warrant herein was issued by Justice King. The defendant was arrested, brought before the justice, pleaded not guilty, demanded a trial by jury, and gave bail for his appearance to attend the trial on a subsequent day. At the date of the trial defendant appeared personally and by counsel, and his attorney filed the following: " Defendant objects to the jurisdiction of the court and asks that he be discharged on the ground that the ' information ' herein does not state sufficient facts to authorize the issuance of a warrant—there was no deposition in this case and no sufficient affidavits to authorize the issuance of a warrant."

The objection was overruled and the case proceeded to trial, resulting as above, and a fine of forty-five dollars was imposed, which was paid, as the appellant claims, under protest.

I do not think that this conviction can stand, for the reason that it seems clear to me that the warrant was issued without due process. Section 145 of the Code of Criminal Procedure defines an information; and, while the phraseology of the information in this case is not very definite or explicit, we may, perhaps, assume that it is sufficient. Section 148 of the Criminal Code

provides for an examination and a taking of the depositions in writing of the informant and any witnesses he may produce. Section 149 provides that the depositions " must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant." Section 150 provides that, if the magistrate be satisfied from the depositions and the information that a crime has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant. In this case no deposition whatever in support of the information was tken. It is undoubtedly the practice in some cases to blend the information and the deposition in one instrument; and, while the practice is not to be commended, it has been repeatedly held to be sufficient, provided that the facts sworn to are adequate. In this case no particular facts are alleged at all, unless it be what seems a legal conclusion, that defendant was guilty of " hunting without a license." The inherent trouble with the case is that, even that allegation and, in short, all of the allegations before the justice and upon which he issued the warrant, were made wholly upon information and belief, without stating any sources of information or giving any grounds for his belief. Reduced to its simplest terms the information says: " I have heard Henry Gardner has been hunting without a license, and I believe it." Such a statement is so clearly insufficient to found a criminal proceeding upon that no argument or citation is necessary to overthrow the proceeding.

The question is raised as to wether by pleading and demanding a jury without raising the objection the defendant may have conferred jurisdiction upon the court to try him. In Matter of Blum, 9 Misc. Rep. 571, the court, in a case similar to this one, held that no jurisdiction was acquired by the court where the information was based solely upon information and belief; but the court held that, by pleading and demanding trial

and standing trial without at any time claiming a lack of jurisdiction by reason of the defective information, the defendant had conferred jurisdiction upon the court. To about the same effect is the case of People v. Winness, 3 N. Y. Crim. Rep. 89. In that case the defendant appeared, stipulated in writing that he waived a jury and demanded trial by the Court of Sessions and stood trial, which was also held to be a waiver of original jurisdictional defects.

However, in both those cases it will be observed that the defendant actually stood trial without raising the question, whereas in the case at bar the defendant raised the jurisdictional question before the trial was actually commenced. I do not think that the doctrine of the two cases cited above should be extended to include a case like the present one, where the defendant appears without counsel and pleads and demands a jury trial. He could hardly be supposed to know whether the papers upon which the warrant for his arrest was issued were legally sufficient, and I think he ought not to be held to have waived what he did not know about. The case of People v. James, 11 App. Div. 609, is ample authority for a reversal of the conviction in this case; and it in effect holds that even submitting to trial, in a case if irregularities such as were committed before the magistrate, does not amount to a waiver of the question of jurisdiction and does not confer any jurisdiction upon the magistrate. Another case in point is People ex rel. Farley v. Crane, 94 App. Div. 397-400.

For the reasons stated, I reach the conclusion that the justice had no jurisdiction to try this defendant, and this conviction must be reversed and the fine paid by him returned.

Odrered accordingly.