Jᴀᴍᴇs H. Tʜᴏᴍᴀs, Plaintiff in error, *v.* Tʜᴇ Pᴇᴏᴘʟᴇ, Defendants in error.

In an indictment for obtaining money by false pretenses, it is sufficient to state, negate, and prove one false pretense; and the materiality and influence of such pretense is a question for the jury, unless, upon the face of the indict- ment, the pretense appears clearly to be immaterial.

It is sufficient if, upon the face of the indictment, a false pretense is alleged which is capable of defrauding by inducing a credit, &c.: Per Wʀɪɢʜᴛ, J.

Wʀɪᴛ ᴏꜰ ᴇʀʀᴏʀ to the Supreme Court. The plaintiff in error was indicted in the Court of General Sessions in the city and county of New York, for obtaining forty dollars in money of Charles H. Ludington, by false pretenses. The indictment alleged that the defendant falsely represented to Ludington that he was a chaplain in the army, just returned from the army, and that he was a friend of S. Wise & Co., of Lafayette, and wanted money to get home with, and that he would give Ludington an order for the repayment of any moneys that Ludington might loan him. On being arraigned, the defendant pleaded guilty to the indictment, and was thereupon convicted and sentenced to the State prison for three years. He sued out a writ of error from the Supreme Court, where the judgment was affirmed.

*Sidney H. Stuart*, for the plaintiff in error.

*A. Oakey Hall*, for the defendants in error.

Wʀɪɢʜᴛ, J. I can scarcely conjecture what there is to review in this case. The plaintiff in error was indicted for obtaining forty dollars in money from one Charles H. Luding- ton by false pretenses; he plead guilty to the indictment, and was sentenced to imprisonment in the State prison for three years.

After the plea of guilty, which had an equal effect with a verdict of guilty given upon evidence, his counsel moved to have the judgment arrested on the ground that the indict- ment was defective in substance, for this is all that can be

meant by the claim put forth by counsel that the pretenses alleged did not constitute "false pretenses" within the spirit of the statute.

The prisoner, by his plea of guilty, admitted that he intended to defraud the complainant, and under such intent, he represented: 1st. He was a chaplain in the army, just returned from the army; 2d. That he wanted money to get home with; and 3d. That he would give complainant an order for the repayment of any money that complainant might loan him; and the plea further admitted that the complainant believed and relied on these pretenses, and so believing and relying, gave the prisoner forty dollars; and that each pretense was false, as the prisoner knew. In short, he admitted the materiality of the pretenses, their connection together, their effect in inducing the credit, their falsity, and that they were uttered with intent to defraud.

It is sufficient to state, and to negate, and to prove one false pretense in an indictment; and the materiality and the influence of the pretenses in question is for the jury to determine on evidence by verdict; unless some inducing circumstances upon the face of the indictment show that the pretenses are clearly immaterial and could not influence credit. The averment of the pretenses by the indictment are only to give the defendant notice of what may be proved against him; the mode of obtaining need not be pleaded; and if any pretense is capable of defrauding, that is sufficient. Now, take the two pretenses averred in the indictment, viz.: that he was a chaplain in the army, just returned from the army, and wanted money to get home with, confessed by the plea to have been made, and to have been false, and to have induced credit, and to have induced a parting thereon of money, and to have been uttered with intent to defraud; and it may be correctly argued, that with such legal surrounding, they are quite sufficient to uphold the conviction. A court cannot say, as a matter of law, that these were not material representations, and were not calculated to deceive; and to induce credit; and were

not within the statute, which speaks of obtaining by " any false pretense."

The case is like that of *The Queen* v. *Hamilton* (9 Ad. & Ellis [N. S.], 271). There the charge was falsely pretending to one James Wood, that he, Hamilton, was " *a captain in her majesty's fifth regiment of dragoon guards,*" by means of which said false pretense, he, Hamilton, did unlawfully obtain of Wood a certain valuable security, viz.: an order for the payment of the sum of £500, and of the value of £500, the property of Wood, with intent to cheat and defraud Wood of the same. The prisoner was convicted and sentenced to be transported for seven years. Error on the judgment was brought to the Queen's Bench, where it was argued that the count was bad in not showing how the false pretense was calculated to effect the obtaining; that when the pretense is such that it at once appears how the pretense operated on the mind of the party defrauded it is enough; but when, as in this case, no such connection is apparent, but only that such an effect might possibly be produced, there should be introductory averments to show the relevancy. But it was held, on error, that it was wholly unnecessary to aver how the false pretense was calculated to do the mischief. " We can easily conceive," said Lord Ch. J. DENMAN, with the concurrence of all the judges, " how a belief that the defendant was a captain in the army might lead the other party to give the security; but that is a matter to be shown in evidence."

The judgment should be affirmed.

SMITH, J. The only question in this case is whether the false pretenses charged in the indictment were capable of defrauding, or, in other words, whether the court can say, as matter of law, that Ludington could not have been, and was not, deceived by them. The representation charged to have been made by Thomas, that he would give Ludington an order for the repayment of any money he might loan him, obviously is not a false pretense, within the meaning of the statute, for it is a mere promise. His statement that he wanted money to get home with, is not averred to have been

untrue in fact. But the false representations made by him, to the effect that he was a chaplain in the army, and that he was a friend of Wise & Co., of Lafayette, were of such a nature that it is impossible to assert that Ludington was not deceived by them in respect to Thomas' ability to pay. In *Regina* v. *Hamilton* (1 Cox Cr. Cas., 244; *S. C.* on appeal, 9 Ad. & El. [N. S.], 376), the pretense consisted of a false statement by the defendant, that he was a captain in her majesty's fifth regiment of dragoon guards. Lord DENMAN, Ch. J., with the concurrence of all the judges, said: "We can easily conceive how a belief that the defendant was a captain in the army, might lead the other party to give the security; but it is a matter to be shown by the evidence."

Even if the objection that the indictment does not aver *how* the false pretense was calculated to do the mischief, were available on demurrer, or at the trial, by objection to the evidence, still the defect would be cured by verdict. It is matter of evidence, and it would be intended after verdict, that the evidence was sufficient. The case is the same after judgment on a plea of guilty, for the plea, by admitting all the substantial facts alleged in the indictment, admits also the existence of evidence by which such facts could be established.

The judgment should be affirmed.

Judgment affirmed.