### PEOPLE *v.* PAGE.

*(Supreme Court, General Term, Third Department.* March 16, 1889.)

FALSE PRETENSES—REPEAL OF STATUTE.

An indictment, tried in 1888, for obtaining goods by means of false pretenses, made verbally, concerning the ability of the defendant to pay for them, cannot be maintained under 2 Rev. St. N. Y., p. 677, § 53. providing for the punishment of such act, such statute having been repealed by Laws N. Y. 1886, c. 593, and such an act not having been made an offense by the Penal Code, which was enacted in 1882; and this is true although section 725 of such Code provides that it shall not affect any statute providing for the punishment of offenses not defined and made punishable by such Code.

Appeal from court of sessions, Warren county.

Prosecution of Liscomb R. Page for obtaining goods by means of false pretenses. From a judgment of conviction the defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ

*Robertson & Whitman,* for appellant. *Charles R. Patterson* and *A. D. Wait,* for the People.

LANDON, J. The defendant was indicted at the oyer and terminer in Warren county in February, 1874, for feloniously obtaining goods of one Peck by means of false pretenses respecting his means and ability to pay. The indictment was found under section 53, art. 4, tit. 3, c. 1, of the fourth part of the Revised Statutes, (2 Rev. St. marg. p. 677.) The defendant was tried and convicted upon the indictment at the Warren county sessions in June, 1888. The pretenses proven upon the trial were verbal, and not in writing, and Peck sold the goods to the defendant. The Penal Code took effect December 1, 1882. By section 528, the offense of obtaining property by false pretenses is made larceny, and the punishment prescribed differs from that prescribed by the section of the Revised Statutes under which the defendant was indicted. The defendant therefore could not have been tried under the *ex post facto* law of the Penal Code; and, if he had been, he could not have been convicted, because section 544 provides: "A purchase of property by means of a false pretense is not criminal where the false pretense relates to the purchaser's means or ability to pay, unless the pretense is made in writing, and signed by the party to be charged." The trial court held that the provisions of the Revised Statutes governed the case. Section 725 of the Penal Code provides: "Nothing in this Code affects any of the provisions of the following statutes, but such statutes are recognized as continuing in force notwithstanding the provisions of this Code, except so far as they have been repealed or affected by

subsequent laws; * * * (4) All acts defining and providing for the punishment of offenses, not defined and made punishable by this Code." If this section kept the provisions of the Revised Statutes respecting the offense of obtaining property by false pretense in force, it did so only until June 5, 1886. By chapter 593 of the laws of that year all of titles 1, 2, 3, 4, and 5, of chapter 1 of the fourth part of the Revised Statutes was repealed. This repealed the section under which the defendant was indicted and tried. Nothing in the Penal Code or Code of Criminal Procedure could be effective to prevent a subsequent legislature from repealing a statute which those Codes sought to perpetuate. The statute, therefore, under which the defendant was indicted had ceased to exist before his trial took place. No different statute enacted after he committed the acts for which he was indicted could be invoked against him. He therefore escapes because no penal law exists to which he is amenable for the acts proved against him. *Hartung* v. *People*, 22 N. Y. 95. Conviction and sentence reversed, and, as no conviction can be had, the defendant must be discharged. All concur.