(94 App. Div. 397.)

PEOPLE ex rel. FARLEY v. CRANE, City Magistrate, et al.

(Supreme Court, Appellate Division, First Department. May 20, 1904.)

1. CRIMINAL LAW—PRELIMINARY COMPLAINT—EXAMINATION—FORMAL COMMITMENT.

    Under Code Cr. Proc. § 192, providing that, on adjournment of the examination of a person arrested, the magistrate must commit the defendant or release him on bail, and section 193, prescribing a form of commitment, a detention after adjournment without a formal commitment is illegal.

2. SAME—ARREST WITHOUT WARRANT—WRITTEN INFORMATION.

    Though the filing of a written information may not be expressly required by the Code of Criminal Procedure where the arrest is without a warrant, it is required by implication by sections 145, 148–150, 188, 192–194, relating to the arraignment and examination, defining the information as the allegation made to a magistrate that a person is guilty of a crime, and requiring the magistrate before whom an information is laid to take

in writing the depositions of the prosecutor and witnesses, and to read these to the prisoner at the examination; and therefore a commitment, on the adjournment of an examination, without such information, was illegal.

**3. SAME—INFORMATION—SUFFICIENCY.**

The affidavit of an officer making an arrest without a warrant that he arrested defendant on suspicion of his having committed the crime of grand larceny, as deponent verily believed, from the fact that the cashier of a certain bank charged him with larceny of a certain sum of money, the property of the bank, was insufficient as an information, as it failed to show the facts which, under Code Cr. Proc. § 177, justify such arrest, viz., that a felony had in fact been committed, and that he had reasonable ground for believing the person arrested had committed it.

**4. SAME—COMMITMENT—JURISDICTION—HABEAS CORPUS—CERTIORARI.**

The jurisdiction of a magistrate to issue a commitment is properly presented on habeas corpus, or on a writ of certiorari to inquire into the cause of detention, by traversing the return, and by presenting the information or evidence upon which the magistrate acted.

**5. SAME.**

Where, on traversing the return to a writ of certiorari or habeas corpus issued to inquire into the detention of relator under a commitment, it appears by the information or evidence on which the magistrate acted that there is no evidence that the crime charged has been committed, or that there is no evidence of reasonable ground for believing it was committed by him, he is entitled to his discharge.

**6. HABEAS CORPUS.**

A writ of habeas corpus to secure release from detention under an alleged illegal commitment cannot be dismissed on a showing that the relator has subsequently been duly charged with the commission of the crime attempted to be charged by the proceedings complained of in the writ, as under Code Civ. Proc. § 2020, making the issuance of the writ mandatory on proper showing, it is the duty of the court to discharge the defendant from custody as to any further detention under the particular proceedings complained of, if they are illegal.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of Joseph A. Farley, against Leroy B. Crane, city magistrate, and another. From an order dismissing the writ and remanding relator to custody, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John J. Adams, for appellant.
Edward Sandford, for respondents.

LAUGHLIN, J. As we observed in People ex rel. Smith v. Van De Carr, 86 App. Div. 9, 83 N. Y. Supp. 245, where a person is held pending examination, or to await trial or the action of the grand jury, and he claims that his restraint is illegal, a practice, not founded on statutory authority, but for convenience in bringing before the court on the hearing the information or evidence on which the commitment was issued, thus obviating the delay incident to subpœnaing and examining witnesses, has sprung up in this department of issuing a writ of certiorari and of habeas corpus simultaneously; the writ of certiorari being directed to the magistrate to return the information or evidence, and the writ of habeas corpus requiring the production of the relator. In this case even that practice has been departed from, and a writ of certiorari and of habeas corpus have been combined in one writ, ad-

dressed both to the magistrate and to the person having the custody of the relator. The magistrate has made a return, but there is no return from the keeper of the city prison, into whose custody the magistrate committed the relator. The record does not show whether or not the writ was served on the keeper of the city prison. It appears from the return of the magistrate that on the 8th day of March, 1904, the relator was brought before him by Officer John Cavanaugh, and charged, upon the oath of the officer, with having committed the crime of grand larceny in the first degree; that "the complainants were not ready to make their formal complaint, and, as usual in such cases, a short affidavit was taken, to give the complainants time in which to formulate and file their complaint, a copy of which affidavit is annexed hereto and made a part hereof"; that the case was then adjourned, without objection by defendant or his counsel, to March 10th, when the complaint was to be filed; that on the same day the defendant was admitted to bail in the sum of $10,000; that on the 9th of March the sureties surrendered this relator at the City Magistrate's Court, Fourth District, held by the magistrate who makes the return; that the magistrate then orally examined the complainant and witnesses, and it appearing therefrom that an offense had been committed, and that there was probable cause to believe the relator guilty thereof, bail was again fixed at $10,000, and the relator, having failed to give bail, was committed by the magistrate "to the city prison to answer said complaint." The affidavit of the police officer annexed to the return states that he arrested the relator "on suspicion of having committed the crime of grand larceny, as deponent verily believes, from the fact that Andrew Thompson, cashier of the Fifth National Bank, Twenty-Third street and Third avenue, charges him with larceny of the sum of $20,000, the property of said national bank. Deponent therefore asks that defendant be held a reasonable length of time to enable deponent to produce further evidence." The oral evidence taken by the magistrate on the 9th of March is not returned, nor is the substance thereof stated. The magistrate merely gives his conclusion as to the effect thereof. The relator traversed the return, alleging that the commitment was invalid on the ground that the magistrate was without jurisdiction "by reason of the fact that there was no legal evidence before the said magistrate from which it appeared that a crime had been committed, and that there was not sufficient cause to believe the defendant guilty thereof." The order dismissing the writ recites that the relator was produced in court in obedience to the writ. The petition shows that the relator was in the custody of the keeper of the city prison, and, although no formal return was made by the keeper, since the order recites that the relator was produced, the fair inference is that he was produced by the keeper of the prison. If there was no formal commitment pending examination pursuant to the provisions of sections 192 and 193 of the Code of Criminal Procedure, it is manifest that the detention of the relator by the keeper of the city prison was without authority of law, and, in the absence of the return of a legal commitment to justify the retention of the relator, he should have been discharged.

The only information to the magistrate which was reduced to the form of a deposition as required by the Code of Criminal Procedure

(sections 145, 148) is the affidavit of the police officer, which utterly fails to state any facts showing that a felony has been committed, or that there was reasonable cause to believe that the relator had committed one. People v. Cramer, 22 App. Div. 189, 47 N. Y. Supp. 1039; McKelvey v. Marsh, 63 App. Div. 396–398, 71 N. Y. Supp. 541. Arrests without warrant are authorized in certain cases, and, if the necessary facts authorizing the arrest exist, they constitute the authority and protection of the peace officer. The filing of a written information in the form of a deposition does not seem to be expressly required by the provisions of the Code of Criminal Procedure, where a prisoner has been arrested without a warrant; but this is necessarily required by implication from the other provisions of the Code of Criminal Procedure relating to the arraignment and holding an examination of a prisoner. Code Cr. Proc. §§ 145, 148, 149, 150, 188, 192–194; People v. James, 11 App. Div. 609, 43 N. Y. Supp. 315. If the examination is to be proceeded with at once, doubtless the prisoner may waive this requirement; but if it is to be adjourned, and he is to be committed pending the examination, it is manifest that a proper information in writing must be filed with the magistrate to give him jurisdiction to issue the commitment. So, also, if the examination be entered upon by consent without a formal information in writing, and without adjournment, if the defendant is to be committed pending an adjournment of the examination, or to await trial on the action of the grand jury, there must exist as the basis for such commitment a deposition or other evidence not oral, and depending upon the recollection of the magistrate, but in writing, and tending to show that the prisoner has committed the crime. Section 192 of the Code of Criminal Procedure authorizes the commitment of a defendant for examination upon his failure to give bail, or where the offense is not bailable. If, as is to be inferred from the return of the magistrate, the practice of committing defendants pending examination without the presentation of proper information in the form of a deposition prevails, it is unauthorized and should be discontinued. It is essential, in order to prevent the escape of criminals, that this arrest without warrant should be authorized, as it is in certain cases, and while the prisoner is in the hands of the citizen or peace officer the existence of the essential facts constitute the authority for the apprehension and detention; but when the prisoner is arraigned before the magistrate that authority terminates, and the necessary facts to justify the farther detention in commitment of the prisoner must be shown by competent proof in the form of depositions or evidence taken in writing. Moreover, assuming that the magistrate issued a commitment in due form, there was no competent evidence before him either that the crime for which the relator was held had been committed, or that there was probable cause to believe that he had committed the same. The jurisdiction of the magistrate to issue the commitment was challenged by the traverse to the return, and, the magistrate having been commanded by the writ to return the information or evidence before him, the question as to whether he acquired jurisdiction to issue the commitment was fairly presented by his return, without further evidence, as both parties and the court assumed that there was no further record that could be produced. The action of the police officer in mak-

ing the arrest, and of the magistrate in holding the relator, deserve severe condemnation. Their acts appear to have been both illegal and arbitrary. The pretense upon which the relator has been arrested and held is either that he has committed a felony, or that a felony has been committed, and that there was reasonable cause for believing that he committed it, for these are the only circumstances under which his arrest without a warrant would be authorized; but no competent evidence was produced to show that a felony had been committed by the relator or by any one else, or that there was reasonable cause for believing that he had committed a felony. Code Cr. Proc. § 177. The jurisdiction of a magistrate to issue a commitment is properly presented on habeas corpus, or on a writ of certiorari to inquire into the cause of detention, by traversing the return and by presenting the information or evidence upon which the magistrate acted; and if it appears thereby that there is no evidence that the crime charged has been committed by the relator, or that it has been committed, and there is no evidence of reasonable ground for believing that it has been committed by him, he is entitled to his liberty. People ex rel. Danziger v. P. E. House of Mercy, 128 N. Y. 180, 28 N. E. 473; People ex rel. Bungart v. Wells, 57 App. Div. 140, 68 N. Y. Supp. 59; People v. Miller, 81 App. Div. 255, 80 N. Y. Supp. 1070; People ex rel. Smith v. Van De Carr, supra; People ex rel. Sandman v. Tuthill (Sup.) 79 N. Y. Supp. 905. It may be that after conviction the evidence may not be examined for the purpose of seeing whether there is any evidence to authorize the conviction, for then the authority to issue the commitment is the judgment of conviction, and, if rendered by a court of competent jurisdiction, the sufficiency of the evidence or whether there be any evidence of guilt may only be reviewed on appeal. People ex rel. Kuhn v. P. E. House of Mercy, 133 N. Y. 207, 30 N. E. 853. But that question is not presented for decision now.

It is claimed that the questions presented became academic prior to the hearing on the return to the writ on account of the fact, attempted to be shown by certified copies of papers not in the record, that the relator was subsequently duly charged with the commission of the same crime attempted to be charged by the proceedings now under review. It is difficult to see upon what theory a writ of habeas corpus may be dismissed upon the ground that the question has become academic. Upon proper facts shown, it is the mandatory duty of a justice of the Supreme Court, under a penalty of $1,000 (Code Civ. Proc. § 2020), to issue a writ of habeas corpus, and the same duty continues to discharge the relator from further detention by virtue of the proceedings under which he is detained, if such proceedings did not authorize his detention; and it is not conceivable that such relief may be denied by reason of the occurrence of any subsequent facts. The effect of a decision in a habeas corpus proceeding, if favorable to the relator, is that his detention by virtue of the mandate or other proceeding, the validity of which is questioned in the habeas corpus proceeding, is unauthorized, and that, so far as that mandate or those proceedings are concerned, he must not be longer detained; but, of course, this does not prevent his further detention by virtue of any other lawful mandate or proceeding authorizing it.

It follows, therefore, that the order should be reversed, the writ sustained, and the relator discharged from further detention by virtue of the arrest, commitment, and proceedings under which he has been detained as presented by this record.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur.

INGRAHAM, J. I concur in the conclusion arrived at by Mr. Justice LAUGHLIN. The writ that was issued in this case commanded the city magistrate, the chief of police, and the captains of police, the keeper of the city prison, and all his deputies, and any person having the custody of the relator, to produce the relator, together with the time and cause of his imprisonment and detention, before a Special Term of the Supreme Court, and also to certify fully and at length to the Supreme Court the day and cause of imprisonment of the relator, and to make a full and complete return to the Supreme Court of all papers, etc., bearing upon the commitment and detention of the relator. This writ is one that is not authorized by the Code of Civil Procedure, or any other authority that I know of. The form of a writ of habeas corpus is prescribed by section 2021 of the Code of Civil Procedure, and that writ requires the officer who has the custody of the relator to produce the relator before the court, together with the time and cause of his imprisonment and detention. The form of a writ of certiorari is prescribed by section 2022 of the Code. By that writ the city magistrate or other officer to whom the writ is addressed is required to certify fully and at length to the court the day and cause of the imprisonment of the relator. There is no authority for combining these two writs in one writ. The object to be attained is entirely different. The parties to whom the writs are addressed are entirely different. The magistrate who issues the commitment under which a person is arrested is not a proper party to a writ of habeas corpus, as the relator is not in his custody. Nor is the officer who has the custody of the relator a proper party to a writ of certiorari which is to review the action of the magistrate or officer issuing the warrant or commitment under which the relator is detained. Although it is contemplated that these writs may issue at the same time, the practice of combining these two writs in one should not be encouraged. Treating this writ as a writ of habeas corpus, the officer who had the custody of the relator made no return, and produced no warrant of commitment or other authority which justified him in holding the relator. The return of the magistrate had nothing to do with the writ of habeas corpus, nor should it have been received in answer to that writ. As there was no warrant of commitment produced before the court which justified the detention of the relator, I think the court should have ordered his discharge, and, the relator having been discharged, it was unimportant to consider the return of the magistrate, or to determine whether a warrant of commitment not produced had been properly issued.