PEOPLE ex rel. OSTLUND v. WARDEN OF CITY PRISON.

(Supreme Court, Special Term, New York County. September 17, 1910.)

CRIMINAL LAW (§ 216*)—COMMITMENT FOR EXAMINATION—WARRANT FOR ARREST—NECESSITY.

The arrest without a warrant, made upon an affidavit of information, under Code Cr. Proc. §§ 177–185, providing that an officer may arrest a person without a warrant (1) for a crime committed in his presence, or (2) where the person has committed a felony, although not in his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

presence, or (3) where a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it, was valid, so that it could not be contended that the accused's commitment for examination by the magistrate was invalid, because no warrant was issued for the arrest.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 436; Dec. Dig. § 216.*]

J. S. Ostlund was held for examination on a criminal charge, and applies for a writ of habeas corpus. Writ denied.

Charles C. Levenson, for relator.

Charles S. Whitman, for respondent.

BIJUR, J. This is an application upon a writ of habeas corpus for the release of two prisoners "held for examination." The record shows that the prisoners were arrested by a police officer and arraigned before a magistrate, charged with felonious assault, on the affidavit of the officer, filed in the Magistrate's Court, which also recited that the victim of the assault was temporarily confined in the hospital and unable to appear. The warrant for commitment is in what is known as the "short form." While extremely brief, I think it complies sufficiently with section 193 of the Code of Criminal Procedure. Indeed, the form of the warrant is not seriously attacked by the relators.

Their chief contention is that there can be no "commitment for examination" except after a warrant has issued. I find no basis for this claim in the statute. Where the person arrested has been brought before a magistrate upon a previous complaint or information, a warrant has necessarily issued. The alternative mode of arraignment contemplated in sections 177 to 185 of the Code is upon arrest by an officer or a private person without a warrant, in which case an affidavit in the nature of an information must be made out upon arraigning the prisoner, as is pointed out in People ex rel. Farley v. Crane, 94 App. Div. 397, 88 N. Y. Supp. 343.

This requirement having been satisfactorily met in the case at bar, the writ is dismissed. Settle order on notice.