(157 App. Div. 341.)

### PEOPLE v. BRETTON.

(Supreme Court, Appellate Division, Second Department. May 29, 1913.)

FALSE PRETENSES (§ 7*)—"LARCENY"—WHAT CONSTITUTES.

    Accused, who by falsely representing that his sister lived in Florida, that he was empowered to procure for her a governess, and would hire the applicant, obtained money from the applicant for the purpose of paying her way to the sister's residence, is guilty of "larceny," under Penal Law (Consol. Laws 1909, c. 40) § 1290, declaring that a person is guilty of larceny who, with intent to deprive the true owner of his property, obtains possession by false representations or pretenses; for, even if accused's promises as to employment were not within the purview of the statute, his representations as to his sister's residence were material, and fall within the purview of the statute.

    [Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 5–12, 25; Dec. Dig. § 7.*

    For other definitions, see Words and Phrases, vol. 5, pp. 3991–4003.]

Harry S. Bretton pleaded guilty to an indictment for grand larceny, and now moves in arrest of judgment. Motion denied.

See, also, 141 N. Y. Supp. 4.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Eugene N. L. Young, of Long Island City, for the motion.
John Hetherington, Asst. Dist. Atty., of Long Island City, opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, P. J. The defendant pleaded guilty to an indictment for grand larceny in the second degree, and now moves for arrest of judgment. The ground of the motion is that the facts charged do not constitute a crime. The unusual procedure of making the motion in this court is explained by reference to People v. Bretton, 144 App. Div. 282, 129 N. Y. Supp. 247, and People v. Bretton, 141 N. Y. Supp. 4 (decided April 11, 1913).

The defendant by his plea of guilty admitted that, with intent to deprive and defraud Matilda Raoux of her property, and to appropriate the same to his use or that of some other unknown, he did feloniously, fraudulently, and falsely represent and state to said Raoux, in answer to an advertisement requesting the services of a governess, that he was authorized by his sister, represented to be a resident of Florida and in need of the services of a governess, that he would engage the said Raoux as such governess at $50 per month on condition that Raoux would advance $50 to him to pay for her ticket to the place of the residence of his alleged sister in the said state of Florida; that all of these representations and statements were false and untrue, and so known by defendant at the time of their making, and "by color and aid" of these false and fraudulent statements, advertisement, and representations, which the said Raoux believed, and upon which she then and there relied, the defendant obtained, feloniously and fraudulently, the said $50 from Raoux.

The point made by the defendant is that the statements were promissory in their nature, and hence no indictment would lie, under the familiar rule. See People v. Miller, 169 N. Y. at page 351, 62 N. E. 418, 88 Am. St. Rep. 546. But the promissory representation that the defendant would engage Raoux as a governess for his sister was accompanied by a statement of existing facts, namely, that defendant's sister then resided in Florida and then needed the services of a governess. This case, then, is within the principles of Thomas v. People, 34 N. Y. 351, recognized and approved in People v. Rothstein, 180 N. Y. at page 151, 72 N. E. 999, 1 Ann. Cas. 978, of Watson v. People of the State of New York, 87 N. Y. at page 567, 41 Am. Rep. 397, and of People v. Jeffery, 82 Hun, 409, 31 N. Y. Supp. 267. See, too, Bishop on New Criminal Law, vol. 2, §§ 419–427, inclusive.

We are cited, however, to Ranney v. People, 22 N. Y. 413. The facts in that case are similar somewhat to those in the case at bar. Ranney promised Hock employment if Hock would deposit $100 as security, and there was a statement that the defendant had employment which he could give to Hock; but the court, per Comstock, J., commented that "this was obviously of no importance without the contract which was made." The doctrine of Ranney's Case has not escaped criticism. See People v. Winslow, 39 Mich. 505, per Cooley, J.; Bishop's New Criminal Law, vol. 2, § 427; Clark and Marshall, Law of Crimes (2d Ed.) p. 532, notes; Notes of Commissioners David Dudley Field, William Curtis Noyes, and Alexander W. Bradford, in the Penal Code of the State of New York, reported complete by the Commissioners of the Code, 1865, page 223; Bishop's New Criminal Law, supra. But Ranney's Case is not an authority in the case at

bar. The words of the statute in Ranney's time described the act as perpetrated "by color of any false token or writing, or by any other false pretense." The present statute reads:

"A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person: 1. Takes from the possession of the true owner, or of any other person; or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing."

See section 1290, Penal Law (Consol. Laws 1909, c. 40).

I think that the representation of the existing facts in this case was at least within the words "or aid." Aside from the admission arising from the plea of guilt (see Thomas v. People, 34 N. Y. 351), it seems clear that the inducement for Raoux to part with the $50 was not alone in the promise to secure employment as a governess with his sister, but also in the representation that the defendant's sister lived in Florida and needed a governess there, for the $50 was paid for a ticket of passage to that place. Without the representation of these existing facts, the $50 surely would not have been paid to the defendant for the purpose described. It was the pretense and the promise that moved Raoux to part with this money. Consultation of the Notes of the Commissioners, supra, shows 'that the proposed statute (section 623 of the Report, supra) read "by color or aid of any false token or writing, or other false pretense," in order to meet the judgment in Ranney v. People, supra. After expressing the doubt as to the soundness of that decision, the Commissioners say:

"But, conceding the decision in Ranney v. People to be a correct exposition of the Revised Statutes, it calls for a modification of the law. Under the language employed in the text, it will be sufficient that the false assertion co-operated with other influences to induce the prosecutor to act; that it aided the prisoner to perpetrate the fraud."

The suggestion, if not the source of the present statute, is embodied in it.

The motion is denied.