## COUNTY COURT—MONTGOMERY COUNTY,

### June 12, 1914.

# THE PEOPLE v. EDGAR J. BELL.

(148 N. Y. Supp. 753.)

(1.) MUNICIPAL CORPORATIONS—USE OF HIGHWAYS—SPEED OF AUTO-
MOBILES—STATUTE.

Under Highway Law (Consol. Laws, c. 25) § 288, allowing in-
corporated villages, by ordinance or regulation, to limit the speed
of motor vehicles on the public highways, on condition of placing
signs conspicuously on each main public highway and filing a copy
of the ordinance with the Secretary of State, village authorities
cannot regulate the speed of automobiles except on public high-
ways, and hence an ordinance limiting the speed of vehicles " within
the corporate limits of the village" was unauthorized, and an
information and deposition charging a violation of such speed
" upon Main street in said village," without allegation that Main
street was a public highway, charged no offense.

(2.) CRIMINAL LAW—JUDICIAL NOTICE—ORDINANCES.

The court cannot take judicial notice of the existence of a village
ordinance.

(3.) CRIMINAL LAW—PLEA OF GUILTY—EFFECT AS WAIVER.

A plea of " guilty as charged " to an information for a violation
of a village ordinance regulating the speed of automobiles, which
charged no offense, while admitting the truth of the averments con-
tained in the information and waiving all objections and defects,
provided a conviction thereof was established by the evidence, did
not amount to a plea of guilty to any crime whatever; the fact that
defendant involuntarily paid a fine to avoid going to jail being
immaterial.

(4.) INDICTMENT AND INFORMATION—WAIVER—JURISDICTIONAL DEFECT
—PLEA OF GUILTY.

A plea of guilty waives any defect not jurisdictional, but failure
to allege any crime in the information is a jurisdictional defect

when the case must stand or fall on the information alone; and a defendant cannot waive what relates to the jurisdiction of the court.

(5.) MUNICIPAL CORPORATIONS—ORDINANCES—VIOLATION—WRITTEN IN-
FORMATION—NECESSITY.

Although the filing of a written information charging the violation of a village ordinance is not expressly required by the Code of Criminal Procedure, a defendant is entitled to an information clearly stating the exact crime with which he is charged.

(6.) MUNICIPAL CORPORATIONS—USE OF HIGHWAYS—REGULATION—
STATUTE.

Under Highway Law (Consol. Laws, c. 25) § 288, empowering incorporated villages to limit the speed of motor vehicles to not less than one mile in four minutes, and providing that the maintenance of a greater speed for one-eighth of a mile shall be presumptive evidence of a speed which is not careful and prudent, a village may absolutely limit speed to one mile in four minutes: the presumption being simply in aid of the proof and not requiring a speed in fact not careful or prudent to constitute the offense.

Edgar J. Bell was convicted of violating a village ordinance regulating the speed of automobiles, and he appeals. Reveresed, and fine remitted.

*Charles E. Hardies, Dist. Atty.*, of Amsterdam, for the People.

*Melvin Bender* and *Arnold, Bender & Hinman*, all of Albany, for defendant.

MOORE, J.:

The defendant was arrested, without warrant, and charged by the information and deposition of one Hobart, a police officer and special policeman, that he (defendant) " committed disorderly conduct and was a disorderly person by wrongfully, unlawfully, unjustly, willfully, maliciously and knowingly violating section 27 of the by-laws, rules, and ordinances of the said village of St. Johnsville, in the county of

Montgomery, and State of New York, in that he did on the 14th day of September, 1912, run an automobile within the corporate limits of the said village of St. Johnsville at a greater rate of speed than 15 miles per hour, to wit, at the rate of 23 miles per hour upon Main street in said village." Upon being arraigned, the defendant pleaded " guilty as charged," and was fined $10, which fine he paid, and this appeal was brought by him.

There was no separate deposition. The deposition and information were united in one document. There was no allegation or evidence to the effect that the alleged crime was committed in the presence of the officer. There was no evidence taken.

The alleged ordinance referred to does not appear in the justice's return, but a copy is attached to the defendant's affidavit and appeal, and, so far material, reads as follows:

" No automobile or motor vehicles shall be run by any person or persons within the corporate limits of the village of St. Johnsville at a greater rate of speed than fifteen (15) miles per hour; any violation of this ordinance shall be deemed and constitute a misdemeanor, and upon conviction thereof shall be liable to a fine of not less than ten dollars ($10.00) nor more than twenty-five ($25.00) dollars for the first offense and fifty dollars ($50.00) or imprisonment for thirty days, or both, such fine and imprisonment for each subsequent offense."

Section 287 of the Highway Law (Consol. Laws, c. 25) provides that every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person; provided that a rate of speed in excess of 30 miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent.

There is no claim that the defendant violated this law, and no such charge is made against him.

Section 288 of the Highway Law provides that, except as therein provided:

"Local authorities shall have no power to pass, enforce, or maintain any ordinance * * * requiring from any owner or chauffeur * * * any tax, fee, license or permit for the use of the public highways, or excluding any such owner or chauffeur from the free use of such public highways, * * * and no ordinance, rule or regulation contrary to or in any wise inconsistent with the provisions of this article * * * shall have any effect, * * * provided that the local authorities of * * * incorporated villages may limit by ordinance, rule, or regulation the speed of motor vehicles on the public highways, such speed limitations not to be in any case less than one mile in four minutes, and the maintenance of a greater rate of speed for one-eighth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent and on further condition that each city or village shall have placed conspicuously on each main public highway * * * where the village line crosses the same, and, on every main highway where the speed changes, signs of sufficient size to be easily readable by a person using the highway, bearing the words * * * 'Incorporated Village of ——' 'Slow down to —— miles' (the rate being inserted), and also an arrow pointing in the direction where the speed is to be reduced or changed, and also on further condition that such ordinance shall fix the punishment for violation thereof. * * * Official copies of all local ordinances passed under the provisions of this subdivision shall be filed with the Secretary of State at least 30 days before they shall respectively take effect and all such local ordinances shall be printed in pamphlet form and issued at regular intervals by the Secretary of State."

It would appear therefore that, by the express language of the statute, the ordinance passed by the village and above referred to has no effect unless it limits the speed of motor vehicles on the public highways, and unless the village shall have placed the signs required, on public highways, and filed copy of ordinance with Secretary of State at least 30 days.

The ordinance in question does not by express terms regulate the speed of motor vehicles upon the public highways of the village of St. Johnsville, but decrees that they shall not be run " within the corporate limits of the village." The village had no legal right to so ordain. They were limited by the statute in this regard to supervision of the public highways.

It nowhere appears whether or not Main street, referred to in the infomation, is one of the public highways of said village. See People v. Meyer, 26 Misc. Rep. 117, 56 N. Y. Supp. 1097.

The village authorities were authorized to limit the rate of speed to 15 miles an hour only upon the public highways, and then only by passing the requisite ordinance, posting notices and observing the other conditions above recited. The information in this case simply refers to an alleged ordinance, but does not set forth that it was adopted, or that any of the requirements of section 288 of the Highway Law were complied with.

It would seem clear that the information does not charge the commission of any crime. People v. Hayes, 66 Misc. Rep. 606, 124 N. Y. Supp. 417.

The court could not take judicial notice of the existence of the ordinance. People v. Miller, 38 Hun, 82.

The respondent contends, however, that since the defendant appeared in court and pleaded guilty, and was fined $10 and paid the fine, he admitted the commission of the crime, and is precluded from denying it or successfully appealing from the judgment.

What crime can it be said that he pleaded guilty to? Certainly no crime except the one he was charged with, if any. And what crime was he charged with? None, except such an one, if any, as is set forth in the information filed against him. There is absolutely nothing in the return of the justice, or in the

record, to show that any other charge was made against him than the one contained in the information filed, or that it was supported by any other deposition or evidence, and the return shows that the defendant pleaded " guilty as charged." He was sentenced to serve 10 days in the Montgomery county jail or pay a fine of $10. Such a plea admitted nothing but the truth of the averments contained in the information, and, as no crime is charged, did not amount to a plea of guilty to any crime whatever. People v. Fuchs, 71 Misc. Rep. 69, 129 N. Y. Supp. 1012, and cases cited. His payment of the fine was certainly not voluntary. He was not bound to go to jail, but could pay the fine and rely upon this court to rectify the error on appeal.

It may well be that where an information or indictment fails to set forth a crime, and the defendant fails to. object to its sufficiency, he will be deemed to have waived all objections and defects, provided the crime for which he stands convicted is established by the evidence in the case. People v. Wiechers, 179 N. Y. 459, 72 N. E. 501, 1 Ann. Cas. 475. But I apprehend that no well-considered case can be found where it is held that upon an information not charging a crime, unsupported by any deposition or evidence, a conviction should stand on a plea of guilty.

In People v. Burns, 19 Misc. Rep. 680, 44 N. Y. Supp. 1106, upon which the respondent greatly relies, the defendant having been arrested charged with being an inmate of a disorderly house, and conviction had without written information, or warrant issued, upon a plea of guilty, the conviction was upheld. This was going further than the Court of Appeals did in the Wiechers Case (and there two of the Justices dissented). It will be noticed that in the Burns Case the defendant pleaded guilty to a specified crime clearly defined by law, whereas in

the case at hand the defendant pleaded guilty to a charge contained in an information which does not charge any crime.

In People ex rel. Farley v. Crane, 94 App. Div. 397, 88 N. Y. Supp. 343, where the information failed to show that a felony had been committed, Judge Laughlin said that if the examination was to be proceeded with at once, the prisoner might, doubtless, waive the requirement. So also an examination might be entered upon by consent without formal information; but the learned justice clearly pointed out that, before the prisoner could be held to await trial or the action of the grand jury, " there must exist as the basis for such commitment a deposition or other evidence not oral, and depending upon the recollection of the magistrate, but in writing, and tending to show that the prisoner had committed the crime."

A plea of guilty waives any defect not jurisdictional (People v. Earing, 71 Misc. Rep. 615, 130 N. Y. Supp. 1099, affirmed 146 App. Div. 903, 133 N. Y. Supp. 1136) ; but failure to allege in the information any crime is a jurisdictional defect when the case must stand or fall on the information alone. And the defendant cannot waive what relates to the jurisdiction of the court. People v. Carter, 88 Hun, 304, 307, 34 N. Y. Supp. 764.

Although the filing of a written information does not seem to be expressly required by the Code of Criminal Procedure, the defendant is entitled to an information clearly stating the exact crime with which he is charged. People v. Gardner, 71 Misc. Rep. 335, 130 N. Y. Supp. 202; People v. Bates, 61 App. Div. 559, 71 N. Y. Supp. 123; People v. James, 11 App. Div. 609, 43 N. Y. Supp. 315; People v. Crane, 94 App. Div. 397, 400, 88 N. Y. Supp. 343; People v. Wacke, 77 Misc. Rep. 196, 137 N. Y. Supp. 652.

It may well be that, if in this case the defendant had pleaded not guilty to the charge contained in the information, and

the trial had proceeded without objection, and evidence had been produced showing that the ordinance had been legally adopted, and that all of the requirements of the Highway Law, relating to the ordinance, had been complied with, and that Main street was a public highway, and that the defendant had violated the ordinance, and at that point the defendant had said: " Why proceed further? I have committed the crime, I plead guilty "—a judgment of conviction thereon should be upheld. People v. Wiechers, 179 N. Y. 459, 72 N. E. 501, 1 Ann. Cas. 475. It might be said in such case that the evidence would come to the aid of the information in describing the crime committed, and that the plea was one of guilty to the crime so described.

In this case, however, we have no such aid to warrant the upholding of the judgment, and it should be reversed and the fine of the defendant remitted. Sherwin v. People, 100 N. Y. 351, 3 N. E. 465.

Appellant contends that, under section 288 of the Highway Law, no ordinance can be passed absolutely limiting speed to one mile in four minutes, but that the effect of such ordinance is simply to establish a rate of speed, the exceeding of which simply amounts to presumptive evidence of driving at a rate of speed which is not careful and prudent; and that no conviction could be had under such an ordinance, whatever the rate of speed of defendant, unless the defendant drove at a rate of speed which in fact was not careful and prudent.

My opinion is that the presumption allowed by the statute is simply in aid of the proof, and that the village would have the right to absolutely limit speed to one mile in four minutes, by following the requirements of the statute.

Judgment reversed, and fine of defendant remitted.