THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff *v.* MICHAEL CERRATO, Defendant

(Court of General Sessions of the Peace, in and for the County of New York, December, 1916.*)

Indictment — allegations contained in — demurrer to, when disallowed — false representations — grand larceny — criminal law.

It is well settled that a false pretense or representation, as understood in the criminal law, must relate to a past or present fact and not be the basis of an opinion, promise, or profession of purpose.

Allegations in an indictment charging grand larceny in the second degree by means of false pretensions and representations, that defendant represented that he was able to have persons excused and exempted from military duty in the Italian army, and that he could and would have the complaining witness so excused, are but an expression of opinion and a promise and intention on defendant's part to obtain the exemption of said witness from such military service and do not constitute false pretenses and representations as understood in the criminal law, but where it is also alleged that defendant falsely represented that he was connected with and authorized to act for the Italian consul in the city of New York the indictment is good on demurrer.

---

* Received too late for insertion in proper place.—[REPR.

DEMURRER to an indictment.

Don Carlos Buell, Deputy Assistant District Attorney, for people.

Charles Novello, for defendant.

ROSALSKY, J.  The indictment filed against the defendant contains two counts, the first charging the crime of grand larceny in the second degree by means of false pretenses and representations, and the second charging the crime as at common law.

The false pretenses alleged in the indictment are the following: (1) That he, the said Michael Cerrato, was connected with and authorized to act for the Italian consul in the city of New York; (2) that he, the said Michael Cerrato, was able to have persons excused and exempted from military duty in the Italian army; and (3) that he, the said Michael Cerrato, could and would have him, the said Thomas Scotti, excused and exempted from military duty in the Italian army.

The defendant demurs to the indictment, upon the ground that the facts stated in the first count thereof do not constitute a crime, and in support of his argument he urges that the allegations therein do not contain false representations as to past or existing facts.

It is well established that the false pretense or representation must relate to a past or present fact, and not be the basis of an opinion, promise or profession of purpose.  See *People* v. *Hart*, 35 Misc. Rep. 182, where Mr. Justice Goff discusses this question with great ability and learning, in an opinion containing an exhaustive collection of authorities on the subject.

Tested by this rule, it must be conceded that the allegations of the second and third subdivisions do not constitute false pretenses and representations as

17

**258**          PEOPLE v. CERRATO.

understood in the criminal law, for the reason that they do not relate to past or existing facts. It is clear that the statements therein contained constitute an expression of opinion by the defendant, and a promise or intention on his part to obtain the exemption of the complaining witness from military service in the Italian army. *People* v. *Majorana,* 155 App. Div. 432; *Ranney* v. *People,* 22 N. Y. 413; *People* v. *Blanchard,* 90 id. 314; *People* v. *Baker,* 96 id. 340; *People* v. *Peckens,* 153 id. 576.

But the indictment is sufficient because the false pretenses or representations charged in the first subdivision constitute positive statements as to existing facts which were of a material character, and undoubtedly must have influenced the complaining witness to part with his money. *People* v. *Peckens, supra.*

In *People* v. *Miller,* 169 N. Y. 339, 351, the court said: " False pretenses   *   *   *   as a means of obtaining the title or possession of money or personal property, imports an intentional false statement concerning a material matter of fact upon which the complainant relied in parting with the property or in delivering the possession."

One false representation of a material character is sufficient to uphold the validity of an indictment; and the materiality and influence of such representation is a question for the jury, unless upon the face of the indictment the representation appears clearly to be immaterial. *Thomas* v. *People,* 34 N. Y. 351; *Webster* v. *People,* 92 id. 422; *People* v. *Peckens, supra.*

In *Thomas* v. *People, supra,* the defendant was charged with the crime of larceny by means of false pretenses, in that he falsely represented: (1) that he was a chaplain in the army, just returned from the army; (2) that he wanted money to go home with; and

PEOPLE *v.* CERRATO. 259

Misc.] Court of Gen. Sessions, N. Y. County, December, 1916.

(3) that he would give complainant an order for the repayment of any money that the complainant might loan him.

The court, through Smith, J., said: " The representation charged to have been made by Thomas, that he would give Ludington an order for the repayment of any money he might loan him, obviously is not a false pretense, within the meaning of the statute, for it is a mere promise. His statement that he wanted money to get home with, is not averred to have been untrue in fact. But the false representations made by him, to the effect that he was a chaplain in the army, and that he was a friend of Wise & Co., of Lafayette, were of such a nature, that it is impossible to assert that Ludington was not deceived by them in respect to Thomas' ability to pay.

" In *Regina* v. *Hamilton* (1 Cox Cr. C. 244, s. c. on appeal, 9 Ad. & El. [N. S.] 376), the pretense consisted of a false statement by the defendant, that he was a captain in her majesty's fifth regiment of dragoon guards. Lord Denman, Ch. J., with the concurrence of all the judges, said: ' We can easily conceive how a belief that the defendant was a captain in the army, might lead the other party to give the security; but it is a matter to be shown by the evidence.' "

The facts of the case of *People* v. *Majorana, supra,* relied upon by the defendant to sustain his contention are clearly distinguishable from those of the present case.

In the *Majorana* case, as stated by the court: " The complainant, wishing relief from service in the Italian army, relied upon the defendant's statement that he could and would obtain it, and for his proposed service paid him the money. * * * There was no false representation, as the defendant assumed to state no fact,

present or past (*People* v. *Miller*, 169 N. Y. 339). The assurance that he would perform the service was a promise, and that he could do it was a matter of opinion.''

In the case at bar, as has already been pointed out, the defendant made explicit statements concerning existing facts, namely, that he was connected with and authorized to act for the Italian consul in the city of New York. These allegations were wholly lacking in the *Majorana* case, and in this particular is to be found the point of differentiation between the two cases.

Governed by the principle enunciated in the *Thomas Case, supra,* I am of the opinion that the indictment is sufficient. The demurrer is, therefore, disallowed.

Demurrer disallowed.