THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BERTHA LINDNER, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, Kings County, February 28, 1929.

*Jacob B. Lindner,* for the appellant.

*Charles J. Dodd,* for the respondent.

KERNOCHAN, P. J.   The appellant appeals from a judgment of conviction rendered against her in the City Magistrate's Court and from the fine of ten dollars imposed upon her.

The complaint upon which this judgment was based reads as follows:

" CITY MAGISTRATE'S COURT
" Traffic Court of the City of New York
" Borough of Brooklyn

" CITY OF NEW YORK }
" COUNTY OF KINGS  } *ss:*

Stewart O'Keefe, being duly sworn, deposes and says that he is a police officer of the Department of Police of the city of New York, and assigned to the Traf. F., police precinct, that on the 20th day of June, 1916, the Board of Aldermen of the City of New York adopted a Code of Ordinances for said City, which said Code of Ordinances was approved by the Mayor of said City on

the 6th day of July, 1916, and as amended September 12, 1916, and that the same took effect immediately; that on the 28th day of November, 1928, the defendant Bertha Lindner (now here) did wilfully violate the provisions of section 42, of article 3 of chapter 24 of said Code of Ordinances, in that the defendant on said above day while driving and operating a motor vehicle on Avenue O — Ocean Parkway (street) did wilfully fail to stop said vehicle on signal, which was then and there conveyed to defendant by this tower.

"*Wherefore* deponent prays that the said defendant may be dealt with according to law.

"Sworn to before me, this 30th     STEWART O'KEEFE,
    day of Nov. 1928.               *Complainant.*
      "M. S. BROWN,
         "*City Magistrate.*"

The appellant, who appeared without counsel, plead guilty to the charge. The complaint as set forth does not charge the appellant with any crime defined by section 42 of article 3 of chapter 24 of the New York Code of Ordinances, which reads: "Enforcement of chapter; duties of police department.— The police department shall have exclusive control of the management of vehicular traffic. The police commissioner shall cause suitable abstracts of the provisions of this chapter to be posted in all public stables and garages, and at all hack, cab and truck stands. He shall cause copies thereof to be kept at all police stations, to be issued to the public on application without charge. (C. O. §§ 472, 473.)"

The plea of guilty in this case does not deprive the appellant of the right to challenge the sufficiency of the complaint on appeal. (*People* v. *Rosenkrantz*, 123 Misc. 335, citing *Vose* v. *Cockcroft*, 44 N. Y. 415, 422; *People* v. *Fuchs*, 71 Misc. 69; *People* v. *Bell*, 148 N. Y. Supp. 753; *People* v. *Earing*, 71 Misc. 615; affd., 146 App. Div. 903.)

Section 315 of the Greater New York Charter empowers the police commissioner to "regulate, direct, control, restrict and direct the movement of all teams, horses, carts, wagons, automobiles and all other vehicles in streets, bridges, squares, parks and public places, for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health, and to that end the police commissioner shall make such rules and regulations for the conduct of vehicular traffic in the use of public streets, squares and avenues as he may deem necessary, the violation of which rules and regulations shall be a misdemeanor punishable by not less than two or more than thirty days' imprison-

ment, or by a fine of not less than five or more than fifty dollars, or both."

The appellant might have been convicted had this section of the charter been properly set forth in the complaint, but the offense being a misdemeanor, could not have been tried in the City Magistrate's Court.

Judgment reversed on law; facts not examined. Complaint dismissed and fine ordered returned.

All concur.