THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK DAUS, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, October 4, 1929.

*Duer, Strong & Whitehead,* for the appellant.

*Albert C. Fach,* for the respondent.

PER CURIAM. This is an appeal from a judgment based upon a complaint purporting to charge a violation of a corporation ordinance and from a fine of twenty-five dollars or two days in the city prison. The complaint upon which the judgment is based reads as follows:

" CITY OF NEW YORK }
" COUNTY OF RICHMOND }
   " Geo. Neary of No.......................Street, Occupation
..............P. O.........................being duly sworn, deposes and says, that on the 26th day of May 1929, at the City and County aforesaid Frank Daus (Now here) did unlawfully operate a motor vehicle over and along Richmond Ave. having three persons in the front seat of a Ford Roadster and two persons sitting on the back part of said car which was built to carry two persons, in violation of Chapter.............Section............ of the Ordinances of the City of New York.

   " Sworn to before me, this }
     27th day of May, 1929. }     GEORGE A. NEARY.
               " W. T. CROAK,
                    " *City Magistrate.*"

The respondent urged the court to hold that this complaint charged the reckless driving of a motor vehicle in violation of chapter 24, article 2, section 17 of the Code of Ordinances of the city of New York, because a reference to the minutes would tend to show that that was the theory upon which the case was tried. It is not possible for the court to sustain this contention for it is a fundamental principle of law that the complaint or information must state the crime and the particular acts constituting the crime and differences in that respect cannot be disregarded as a technicality. In *People* v. *Zambounis* (251 N. Y. 94) this principle was again enunciated by CRANE, J., as follows: " The defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense. On the above information the defendant would have to resort to the testimony or the record of the evidence so show the crime for which he was tried, whereas the indictment or the information alone must be sufficient to show this fact."

It would have been interesting had this case been pleaded and tried in such a way as to make it possible for the court to pass on the question that was attempted to be raised, as to whether the operation of a motor vehicle overloaded with passengers of itself constituted reckless driving. The state of this record makes this impossible.

Reversed on the law; the facts not examined. Complaint dismissed and defendant discharged, and fine ordered refunded by the comptroller.

KERNOCHAN, Ch. J., FETHERSON and SALMON, JJ., concur.