THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* O. J. WILLIAMS, Appellant.

County Court, Cayuga County, January 15, 1930.

*Blauvelt & Blauvelt*, for the appellant.

*Herbert A. Robinson*, for the respondent.

MOSHER, J. The information in this case charges that the defendant " did commit the crime of obtaining goods under false pretenses " by feloniously and falsely obtaining goods " on the express promise to sell a fat calf on the following Friday and pay for said goods."

The information is the foundation of the justice's jurisdiction (Code Crim. Proc. § 145 *et seq.; Shappee* v. *Curtis* 142 App. Div. 155; *People ex rel. Sampson* v. *Dunning*, 113 id. 35, 39; *McKelvey*

v. *Marsh*, 63 id. 396) and is defined in said section 145 as " the allegation made to a magistrate, that a person has been guilty of some designated crime," some specific crime (*Matter of Both*, 200 App. Div. 423; *People* v. *Fuchs*, 71 Misc. 69; *People* v. *Bell*, 148 N. Y. Supp. 753, 756), some known crime. (*People ex rel. Sampson* v. *Dunning, supra*.)

The defendant, appellant, contends there is no crime in the Penal Law of " obtaining goods under false pretenses " and that the crime of obtaining property by false pretenses was made larceny by section 528 of the Penal Code, effective December 1, 1882, now section 1290 of the Penal Law, and, therefore, the crime alleged in the information was not committed. A conviction can be sustained only for the crime of which defendant was accused in the information and by the means therein alleged. (*People* v. *Dumar*, 106 N. Y. 502; *People* v. *Corbalis*, 178 id. 516; *People* v. *Knapp*, 147 App. Div. 436; *People* v. *Alexander*, 183 id. 868.)

Furthermore, the false pretense alleged was not criminal for it must be of some present existing fact and not of some future event or a mere promise. (*People* v. *Miller*, 169 N. Y. 339; *Watson* v. *People*, 87 id. 561; *Thomas* v. *People*, 34 id. 351; *People* v. *Cerrato*, 99 Misc. 256; *People* v. *Hart*, 35 id. 182.)

The complainant by his brief and affidavits filed on this appeal asserts that the crime committed by the defendant was that of inducing the complainant to sell and deliver to him certain merchandise by his false statement that he was the owner of a certain calf when he was not, citing *Dinnebeil* v. *Ringer* (101 Misc. 658); *People* v. *Bretton* (157 App. Div. 341) and *People* v. *Cerrato, People* v. *Miller, Thomas* v. *People* and *Watson* v. *People* (*supra*), but larceny was not charged in the information (*People* v. *Bates*, 61 App. Div. 559), and a defendant cannot be convicted of one crime when charged with another (*People* v. *Miller, supra; People* v. *Cohen*, 148 App. Div. 205; *People* v. *Dumar, supra*), or none. (*People* v. *Daus*, 135 Misc. 41.) Statements must be contained in the information itself (*People* v. *Bates, supra*), which alone must be sufficient to show the nature of the charge (*People* v. *Zambounis*, 251 N. Y. 94; *People* v. *Daus, supra*) and cannot be supported or pieced out by affidavits, or resort to the testimony or the record of the evidence. (*People* v. *Zambounis, supra; People* v. *Fuchs*, 71 Misc. 67, 68.)

But even if the information could be construed as charging larceny it does not allege the intent to deprive or defraud the true owner of his property or other material elements stated in section 1290 of the Penal Law. Intent, pretense, fraud and reliance must all be plainly set forth (*Hewitt* v. *Newburger*, 141 N. Y. 538; *People* v. *Hart, supra*) and not as legal conclusions or by inference. (*People*

v. *Payne*, 71 Misc. 72.) It is necessary to allege all ingredients and essentials of the crime, or the proceedings are void. (*People* v. *Albow*, 140 N. Y. 130, 134; *People* v. *Whitney*, 146 App. Div. 98; *People* v. *James*, 11 id. 609; *People* v. *Gardner*, 71 Misc. 335; *People* v. *Hayes*, 66 id. 606; *People* v. *Pillion*, 78 Hun, 74; and *Hewitt* v. *Newburger*, *People* v. *Dumar*, *People* v. *Payne* and *People* v. *Fuchs*, *supra*.) Not only must these essentials be pleaded and the false pretense negatived (*People* v. *Cerrato*, *supra*), but they must also be proved as laid before a conviction can be had. (*People* v. *Hart*, *supra*.)

The warrant must state an offense in respect to which the magistrate has authority to issue the warrant. (Code Crim. Proc. § 152.) This warrant states the crime of " obtaining goods under false pretenses." Unless the facts stated in the information sustain the warrant it is a nullity. (*People ex rel. Perkins* v. *Moss*, 187 N. Y. 410.)

Complainant suggests that an information and warrant are unnecessary. A peace officer may, without a warrant, arrest a person for a crime committed or attempted in his presence (Code Crim. Proc. § 177), which is not claimed here.

Complainant further contends that assuming the information was improperly drawn and did not properly state the crime charged, any defects which may have existed were waived by the defendant when he pleaded guilty, citing *People ex rel. Dinsmore* v. *Keeper* (125 App. Div. 137); *People* v. *Loomis* (65 Misc. 156); *People* v. *Shenk* (142 N. Y. Supp. 1081); *People* v. *Wichers* (179 N. Y. 459); *People ex rel. Schneider* v. *Hayes* (108 App. Div. 6), and defendant not having been misled thereby is not entitled to reversal. (Citing *People* v. *Pindar*, 159 App. Div. 12.)

The plea admitted the facts alleged and in the manner and form set forth in the information, limited to the averments charged and is no stronger and stands on no higher grounds than the information (*People* v. *Fuchs* and *People* v. *Bell*, *supra*), and is no waiver of the objection that the information did not set forth facts sufficient to constitute a crime (*People* v. *Rosenkrantz*, 123 Misc. 335), where no evidence in the case establishes a crime to aid the information in describing the crime committed. (*People* v. *Bell*, *supra*.) If the information charges no legal crime, none is confessed and he admitted nothing (*People* v. *Lindner*, 133 Misc. 728; *People* v. *Bell* and *People* v. *Rosenkrantz*, *supra*), and the plea will not prevent attacking the information as charging no crime for the first time on appeal (*People* v. *Lindner* and *People* v. *Fuchs*, *supra*), particularly in this court hearing the appeal in the first instance (*People* v. *Wiechers*, 179 N. Y. 459, 462.)

Furthermore, from complainant's affidavits filed on this appeal it affirmatively appears that no crime was committed. Section 947 of the Penal Law provides that " A purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless the pretense is made in writing and signed by the party to be charged." Prior to 1886 it was not necessaary that the false pretense be in writing (*People* v. *Page,* 52 Hun, 610), but in *People ex rel. Corkran* v. *Hyatt* (172 N. Y. 187.), Cullen, J., after quoting this section, says: " This was doubtless declared by the knowledge that criminal charges of false pretense are often instituted in reality to compel the payment of debt, and are easily fabricated."

Complainant's affidavit on appeal states that he refused to sell said rope on credit and told defendant it would have to be for cash; that defendant stated to him that he was the owner of a fatted calf which he had sold and would be delivered the following Friday and if he would trust him for the rope and some pulleys, he would, as soon as the calf was sold, bring the money to complainant's store and pay the bill, and complainant, relying upon the statements of defendant, sold him the rope and pulleys; that when complainant delivered them he stated to defendant that he was trusting him for these articles by reason of the statement defendant had made that he was the owner of this calf. From this and sustaining affidavits on appeal it appears that any false pretense related to the purchaser's means and ability to pay. Not every lie or dishonest or fraudulent act comes within the purview of the criminal law; all moral delinquencies cannot be prevented or punished, and the only safe rule in the administration of criminal justice is to confine its application to those acts which the law expressly condemns. (*People* v. *Hart, supra.*)

A plea of guilty waives any defect not jurisdictional (*People* v. *Earing,* 71 Misc. 615; affd., 146 App. Div. 903), but not what may relate to the jurisdiction of the court (*People* v. *Rathbun,* 21 Wend. 509, 542) and cannot confer jurisdiction upon it where no crime exists. (*People* v. *Lindner* and *People* v. *Bell, supra; People* v. *Carter,* 88 Hun, 305.)

These are not technical errors or defects (Code Crim. Proc. § 764; *People* v. *Youngs,* 151 N. Y. 210), but are fundamental and jurisdictional (*People* v. *Dumar* and *People* v. *Fuchs, supra*), and the judgment of conviction appealed from should be reversed and the fine remitted, with no provision for a new trial because no legal conviction is possible under the information. (*People* v. *Hayes, supra.*)

Judgment reversed for errors of law only, facts not examined, and fine remitted.